THE STATE EX REL. THE TOWN OF SPRING LAKE, Respondent, vs. THE BOARD OF SUPERVISORS OF PIERCE COUNTY, Appellant.

*March 1 — March 27, 1888.*

*Bridges: Towns: Counties:* Mandamus: *Pleading: Place of trial: Judgment: Mandate of writ, when satisfied.*

1. The petition on behalf of a town for a writ of *mandamus* to compel a county to aid in building a bridge did not show that the officer applying for the writ was directed so to do by the electors of the town, or that a stream of water flowed through the ravine over which the bridge was to be built, but such facts were proved on the trial without objection. *Held,* that the petition might be amended at any time to correspond with the proofs, or that the variance might be disregarded.

2. Ch. 187, Laws of 1885, does not limit the bridges which the county may be required to assist in building, to such as cross streams of water.

3. When the return to an alternative writ of *mandamus* consists of denials of the material allegations in the relation, no answer to the return is required to raise the issues.

4. Under sec. 3452, R. S., and ch. 292, Laws of 1881, issues of fact in an action of *mandamus* in the Eighth judicial circuit may be tried at a special term of the court issuing the writ, held in another county.

5. In an action to compel a county to aid in building a bridge, the judgment directed the issuance of a writ of *mandamus* commanding the county board to meet and to levy the required tax

VOL. 71 — 21

State ex rel. Town of Spring Lake vs. Board of Sup'rs of Pierce County.

upon the taxable property of the county, without appointing any time for such meeting, and without excepting from liability to such taxation certain cities which were not liable under the law.  *Held*, that the mandate of the writ would be satisfied if the county board should perform the duty required of them at their first meeting after service of the writ, and should levy the tax upon the taxable ·property of the county subject thereto.

APPEAL from the Circuit Court for *Pierce* County.

This proceeding was commenced by petition by the town of *Spring Lake,* praying that a *mandamus* issue to the *Board of Supervisors of Pierce County* to compel them to levy a tax on the taxable property of the county to aid said town in the building of certain bridges therein.   The proceeding was instituted under ch. 187, Laws of 1885.   Due petition had theretofore been presented on behalf of the town to the county board, containing a sufficient statement of the facts, praying the board to make such appropriation and tax levy. An alternative writ of *mandamus* was allowed and issued upon such relation, and duly served.   The county board appeared, and moved to quash the writ for certain alleged defects therein.   The motion was denied, and thereupon the board made return to the writ, denying many of the material allegations of fact contained therein.   The cause was thereupon noticed for trial on behalf of.the town, at a general term of the circuit court for St. Croix county.   A motion was made to that court to strike the cause from the calendar, for the reasons (1) that St. Croix was not the proper county for the trial of the cause, but Pierce county, in which the action was commenced; and (2) because no issue was made by the pleadings.   The motion was over-ruled.   The cause was afterwards tried in St. Croix county, the defendant county not appearing at the trial.   Such trial resulted in a judgment that a peremptory writ of *mandamus* issue to the *Board of Supervisors of Pierce County*, commanding them to meet and appropriate one half of the

cost of the bridges in question (being $400), to cause the same to be levied upon the taxable property of the county, and to designate two of its members to act as its commissioners as required by sec. 1, ch. 187, Laws of 1885. Costs were also awarded against the defendant. The county board appeals from the judgment. The case is further stated in the opinion.

For the appellant there was a brief signed by *J. S. & F. M. White,* and oral argument by *Mr. J. S. White.* They contended, among many other things, that the board was entitled to judgment on the pleadings. There being no reply the affirmative allegations of the return stood admitted. 5 Wait's Pr. 589; *People ex rel. Bently v. Comm'rs,* 7 Wend. 475; *State ex rel. Cothren v. Lean,* 9 Wis. 290; *State ex rel. Christopher v. Portage,* 14 id. 550; *State ex rel. Taylor v. Delafield,* 64 id. 220.

*R. H. Start,* for the respondent.

LYON, J. 1. It was stated in the argument, and not controverted, that the ground upon which the *Board of Supervisors of Pierce County* refused to make the appropriation demanded was that the board were of the opinion the act of 1885 is unconstitutional and void. But for this opinion we suppose this appeal would not have been taken, although many other objections to the validity of the judgment were made and argued by counsel. Since this appeal was taken this court has decided that the statute in question is a valid law. *State ex rel. Baraboo v. Sauk Co.* 70 Wis. 485; *State ex rel. Woodland v. Sauk Co.* 70 Wis. 491; *State ex rel. Rochester v. Racine Co.* 70 Wis. 543. These decisions put at rest the question of the validity of this law.

2. The relation or petition for a *mandamus* states sufficient facts to entitle the town to the relief demanded, with perhaps two exceptions. One of these is, it is not alleged therein that the officer applying for the writ was directed

by the electors of the town to make such application.  In the two cases against Sauk county, above cited, this was held a fatal defect unless supplied by amendment.  The other exception is, the petition states that one of the bridges which the town proposed to build was across a ravine, without stating that it also crossed a stream of water.  The act of 1885 does not limit the bridges which the county may be required to assist in building, to such as cross streams of water.  A bridge may be as necessary across a dry ravine as it would be did a river flow through the ravine, and no good reason is perceived why any distinction should be made in the two cases.

Both of these alleged defects in the petition are cured by the subsequent proceedings in the case.  The town proved on the trial (of course without objection, for the county was not present to object) that the electors of the town, at a town meeting therein, gave direction to its supervisors to institute this proceeding; and also proved that a stream of water flowed through the ravine in question most of the time.  The rule in this state is that in such a case the defective pleading may be amended at any time to correspond with the proofs, or the variance or omission may be disregarded without actual amendment.  This is so well settled that it would be an affectation to cite authorities to support the rule.  Hence we must regard the petition as containing all the necessary allegations (if the same are true) to entitle the town to the relief demanded.

3. A very ingenious argument was submitted by counsel for the county board to show that in case the recitals of fact in the writ are defective, no resort can be had to the relation to supply such defects.  Under several cases in this court this is probably an untenable proposition.  The question is of no importance in this case, however, for the reason that the material allegations in the relation are sufficiently recited in the alternative writ.

State ex rel. Town of Spring Lake vs. Board of Sup'rs of Pierce County.

4. No answer to the return was interposed. Because of this it is contended, on behalf of the county board, that there was no issue to be tried. The contention is that in the absence of such answer denying the allegations of the return such allegations must be taken as admitted.

It is probably the correct practice, where independent averments of fact are stated in the return, for the relator to answer and deny them if he wishes to make an issue thereon. But where, as in this case, the return consists of denials of material allegations in the relation, no such practice is required. In such a case an answer would be nothing more than a reiteration of the averments in the relation, which, of course, is unnecessary and absurd. So we conclude that the return raises issues upon all propositions of fact affirmed in the relation and denied in the return. This disposes of one of the objections made to the trial of the cause in St. Croix county.

5. Were the issues properly tried in the circuit court of St. Croix county? We think the question must be answered in the affirmative. It was tried at a general term of the circuit court of that county, and such term is a special term for the circuit court of Pierce county, both counties being in the Eighth judicial circuit. Laws of 1881, ch. 292. It is provided by statute (R. S. sec. 3452) that when a writ of *mandamus* shall be issued by any circuit court, any issue of fact therein may be tried at a special or general term thereof, and the court may summon a jury for the trial thereof. This cause, as we have seen, was tried at a special term of the circuit court of Pierce county, that being the county in which it was commenced. Ch. 292, Laws of 1881, is to the same effect. When read in connection with sec. 3452, the reasonable construction of it is that issues of fact arising in actions of *quo warranto* and *mandamus* may be tried at special terms.

6. It is objected that the judgment is not in proper form

in that it requires the board of supervisors of Pierce county to meet, and also to levy the required tax upon the taxable property of the county, without appointing any time for such meeting; and without excepting from liability to such taxation the two cities of Prescott and River Falls within that county, which, it is alleged, are not liable to such tax under the law of 1885. Under a fair construction of this judgment the mandate of the writ awarded by it will be satisfied if such board of supervisors perform the duty required of them by the peremptory writ, at their first meeting after the same shall be served upon them, and if they levy the necessary tax upon the taxable property of their county subject thereto. Probably the court has no power to order a special meeting of the board, and has not done so in this judgment.

7. Several other alleged errors were argued by counsel. Some of these have been overruled by former decisions of this court; others are predicated upon erroneous propositions of fact, and still others are purely technical and quite immaterial in the consideration of the case upon the merits. It is unnecessary to discuss or even to state the errors thus alleged.

Upon the whole case, we are satisfied that no material errors prejudicial to the county have been committed in the progress of the cause.

*By the Court.*— Judgment affirmed.