State ex rel. Hewitt v. Graves, 120 Wis. 607.

---

THE STATE EX REL. HEWITT, Appellant, vs. GRAVES, Town Clerk, Respondent.

*February 4—February 23, 1904.*

Certiorari: *Proceedings to lay out highways: Jurisdiction: Failure to comply with statutes.*

A sufficient petition for a highway having been duly filed, the supervisors fixed May 15th as the time for deciding on the petition, and ordered notices of the hearing given. On that day the board met, decided that the notices had been properly posted and served as required by law, and made an order reciting such facts and ordered the highway laid out. The order was dated "May," and at some time was filed in the town clerk's office, but on what exact date it was signed or filed did not appear. No award of damages was ever made or filed on this order. Thereafter new notices of hearing of the same petition were ordered given for August 7th. On the last date an order laying out the highway together with an award of damages was duly made and filed. On *certiorari* to review such proceedings it was *held* that the supervisors lost jurisdiction by the failure to file the order and award of damages within ten days after May 15.

APPEAL from a judgment of the circuit court for Marathon county: W. C. SILVERTHORN, Circuit Judge. *Reversed.*

For the appellant there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

For the respondent there was a brief by *Brown, Pradt & Genrich,* and oral argument by *Neal Brown.*

WINSLOW, J. This is an appeal from a final judgment quashing a writ of *certiorari* upon the return. The action was brought to review the proceedings for laying out a highway in the town of Weston, Marathon county, and to reverse the order laying out the highway. The return showed, in brief, that a sufficient petition for the highway was filed in the town clerk's office April 17, 1903; that on May 1st following the town supervisors met, and fixed upon May 15th as the time for deciding on the petition, and ordered that notices of the hearing be given; that two members of the board met pursuant to the notice on May 15th, decided that notices had been properly posted and served as required by law, and made an order reciting this fact, and ordering that the highway be laid out as prayed, which order was dated May, 1903, and at some time was filed in the clerk's office, but on what exact date it was signed or when filed does not appear; that no award of damages was ever made or filed on this order; that on July 10th following new notices of hearing of the same petition were ordered given for July 24th; that on July 24th the board, deeming these notices defective, ordered new notices given for August 7th; that on August 7th an order was made and filed laying out the highway, and an award of damages was made and filed on the same day. The question presented is whether the supervisors had lost jurisdiction of the proceedings prior to the making of the order of August 7th, and the answer to this question depends upon the construction of our statutes governing the laying out of highways in towns. These statutes are not seriously com-

plicated, and their general purpose is evidently to provide a simple and effective proceeding by which necessary highways may be secured and the damages determined. The intent to make the proceeding expeditious is very plain, as well as a corresponding intent to relieve a property owner from more than one application during any one year. Thus the statutes provide for a petition signed by six freeholders (sec. 1265, Stats. 1898), for a notice of hearing of the petition to be posted and served (sec. 1267), for a hearing and decision according to the notice (if it appears that such notice has been properly given), and that adjournments of the hearing may be taken, not exceeding in all thirty days from the time of the first meeting (sec. 1268), for the making and signing of an order laying out the highway if such be the decision, and for the filing of such order together with an award of damages in the clerk's office within ten days after the day fixed for hearing or the last adjourned day, "and in case such supervisors shall fail to file such order and award within the ten days aforesaid, they shall be deemed to have decided against such application" (sec. 1269). Finally, in sec. 1283 it is provided that the determination of the supervisors in refusing to lay out a highway shall be final (unless appealed from) for one year thereafter, and no application for laying the same out shall be again acted on within said year. The proceeding is an adversary one, purely a creature of statute, and the statute must be strictly followed. Jurisdiction can only be obtained and retained by compliance with the requirements of the statute. If, after the due giving of a valid notice fixing the time for their first meeting, the supervisors do not make and file their decision and award of damages within the time required by sec. 1269, they lose all jurisdiction of the proceeding. *Ruhland v. Hazel Green,* 55 Wis. 664, 13 N. W. 877. The application of these principles to the instant case show that the judgment rendered below was erroneous. The return shows that no-

tice of hearing was ordered and given for May 15th, and that at that time the supervisors were satisfied that it had been properly served and posted. These facts being recited in the clerk's minutes, as well as in the order afterwards made by the supervisors, and there being no evidence of any kind to the contrary, they must be considered as conclusively established. What might be the result had the notices been insufficient, or not properly served or posted, we need not consider, because that case is not here. There can be no doubt that under the facts of this case jurisdiction was lost by the failure to file the order and award of damages within the time limited by sec. 1269. The longest time allowed by the statute for the purpose under any circumstances is forty days from the day fixed by the notice for deciding on the application (*Ruhland v. Hazel Green, supra*), and that time had passed long before the order of August 7th was made. When the time had expired, and no order and award had been filed, the statute stepped in and determined the fact that the application had been refused. It was as really and effectually refused as if a formal order of refusal had been filed, and under the terms of sec. 1283 it could not be acted upon again within the ensuing year. The order of August 7th should have been reversed.

*By the Court.*—Judgment reversed, and action remanded with directions to reverse the proceedings of the supervisors.