4]          JANUARY TERM, 1919.          497

State ex rel. Loehr v. Hanson, 168 Wis. 497.

STATE EX REL. LOEHR and another, Appellants, vs. HANSON and others, Town Supervisors, Respondents.

*January 8—February 4, 1919.*

*Administrative boards: Dissipation of power by adjournments, etc.: Highways: Laying out: Jurisdiction of town board: Denial of application by failure to act in time: Appeal not seasonably taken.*

1. The court expressly withholds assent to the proposition that an administrative body charged with *quasi*-judicial duties— in this case a town board, in the matter of laying out a highway—can dissipate its power, and deprive the public of the benefit of its exercise, by adjourning for a longer period than is allowed by statute, by failing to give the required notice of adjournment, or by not making award of damages within the statutory time.

2. Where, by reason of a failure to give the notices required by sec. 1267, Stats., or the fact that it is not satisfied that such notices have been duly given (sec. 1268), a town board has no jurisdiction to act on the day fixed for its meeting to decide upon an application for the laying out of a highway, it may, unless its power has otherwise been exhausted, proceed *ab initio,* order the service of new notices in the manner required by law, and thereby acquire jurisdiction for future valid action.

3. Under sec. 1276, Stats. (providing that failure of the supervisors to act upon an application for the laying out of a highway within sixty days after the filing thereof shall be deemed a refusal to lay out the highway), and sec. 1283 (providing that the matter shall not be acted upon again within one year thereafter), the power of the town board is exhausted at the end of the sixty days.

4. Where an appeal from such a refusal to lay out a highway was not taken within thirty days thereafter, as required by sec. 1276, Stats., the proceedings on the appeal, including an order of the commissioners directing the highway to be laid out, are of no force or effect, and the town board has no authority to proceed in the matter under such order.

APPEAL from an order of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

On the 8th day of September, 1916, a petition for the laying out of a highway was duly made to the supervisors of

the town of Norway, Racine county. On the 5th day of December, 1916, the town board made out notices in which the 18th day of December, 1916, was fixed as the time when they would meet and decide upon said petition. The town board met pursuant to said notices on the 18th day of December, 1916, at the place therein fixed, at which time they were not satisfied that the notices given had been served as required by law, and adjourned until the 10th day of January, 1917, to ascertain whether notices to all the owners of the land had been duly given in accordance with the statute. They did not give any notice of adjournment. On the 10th day of January, 1917, the town board again met pursuant to said adjournment, at which time they were not satisfied that the notices of the meeting of December 18th had been given and served as required by law. They then decided to get out new notices. New notices were accordingly given fixing the 27th day of January, 1917, as the time when said board would meet and decide upon the petition. On the 27th day of January, 1917, they met at the time and place fixed in the notice and denied the petition. On the 20th day of February, 1917, the petitioners appealed from the order of the town board refusing to lay out the highway, and applied to the county judge of Racine county for the appointment of commissioners to review such order or determination under the provisions of sec. 1276, Stats. Said county judge duly appointed commissioners to review said order and determination of the town board. The commissioners met pursuant to law, reversed the action of the town board, and ordered the highway laid. Thereafter and on the 12th day of April, 1917, the town board met and assessed the damages of certain owners whose lands were taken by the laying out of said highway. An entry was made in the books of the town clerk setting forth that the said town board met as above mentioned and that such meeting was pursuant to the reversal of their order and determination previously made on January 27, 1917. The

town board, however, never made nor filed any formal order with the town clerk and has at all times refused so to do. The petitioners thereupon filed a petition in the circuit court for Racine county praying for a peremptory writ of *mandamus* commanding the town board to open the highway and to do all other things contemplated and provided for by statute in order to insure to petitioners their full rights to the use of such highway. Upon such petition an alternative writ of *mandamus* issued. The town board made return thereto, setting up, among other things, the facts hereinbefore recited, contending that by reason thereof they had lost jurisdiction to act in the matter. The petitioners demurred to the return, which demurrer was overruled by the court. This appeal was taken from the order overruling the demurrer.

*F. J. Walthers* of Milwaukee, for the relators.

For the respondents there was a brief signed by *Storms, Foley & Beck* of Racine, attorneys, and *William W. Storms,* of counsel, and oral argument by *William W. Storms.*

OWEN, J. Unless the power of the town board of supervisors had been theretofore exhausted, its order of January 27, 1917, denying the petition was valid, and, as the subsequent proceedings leading to a reversal of that order were in all respects regular, appellants are entitled to the relief prayed for. The trial court thought that jurisdiction to act on the 27th had been lost (a) by adjourning for more than thirty days from December 18, 1916; (b) by not giving notice of adjournment as required by statute; and (c) by not making award of damages within forty days from December 18, 1916. Although the meeting of January 27th was held pursuant to new notices, which formed the basis of a new and independent proceeding, the trial court evidently construed the meetings of December 18th, January 10th, and January 27th as constituting but one proceeding instituted by the notices of the meeting of December 18th,

and, having acquired jurisdiction and thereafter lost it, the power of the town board to decide upon the petition had vanished. Expressly withholding assent to the proposition that an administrative body charged with *quasi*-judicial duties can dissipate its power, and deprive the public of the benefit of its exercise, in any such manner, we will inquire, first, whether the town board ever acquired any jurisdiction which it could lose. That such a body does not exhaust its power by assuming to act without jurisdiction is settled by *State ex rel. Baker v. Haugen,* 164 Wis. 443, 160 N. W. 269. That case is authority for the proposition that if the town board had assumed to act upon the petition without jurisdiction—that is, without giving the notices required by statute, resulting in an invalid decision,—it could have proceeded over, *ab initio,* acquired jurisdiction, and exercised its power in a valid way. Hence, if it acquired no jurisdiction to act at its meeting of December 18th, it could do as it did on January 10th, order the serving of new notices in the manner required by statute, thereby acquiring jurisdiction for future valid action. It is conceded, of course, that if the board did not have jurisdiction to decide upon the petition on December 18th it had none on January 10th.

Did the board have jurisdiction on December 18th? In order to acquire jurisdiction, notices must be given and served within the time, upon the persons, and in the manner prescribed by statute. It cannot proceed until it is satisfied that such notices had been so served. Sec. 1268, Stats. The record of the town clerk made at the meeting of December 18th, as well as that of January 10th, shows affirmatively not only that the supervisors were not satisfied of such fact, but that one owner of real estate through which the proposed highway would run had not been served with notice, and there is no pretense here on the part of any one to the contrary. Under such circumstances it is plain that the town board had no jurisdiction to act upon the petition at the meeting of December 18th or January 10th, and

that it was its privilege and its duty to give notices of the meeting of January 27th, unless its power was otherwise exhausted.

This brings us to a further consideration, not raised in briefs or upon argument, which stands as a more serious challenge of the power of the board to act on January 27th. In sec. 1276, Stats., it is provided:

"Failure of the supervisors to act upon the application [to lay out the highway] required by section 1267 within sixty days after the same was filed in the town clerk's office shall be deemed a refusal to lay out, alter, widen, or discontinue the highway; and any person who shall consider himself aggrieved by such refusal, may appeal therefrom in the manner herein provided for an appeal from the order refusing to lay out, alter, widen, or discontinue the highway."

There is a similar provision in sec. 1269 in the following language:

"Such order [the order laying or refusing to lay the highway], together with the award of damages hereinafter mentioned, shall be so filed [in the town clerk's office] within ten days after the day fixed by their notice or adjournment for deciding upon such application; and in case said supervisors shall fail to file such order and award within the ten days aforesaid they shall be deemed to have decided against such application."

This latter provision was considered in *State ex rel. Hewitt v. Graves,* 120 Wis. 607, 98 N. W. 516. It was there held that the failure to file the order and award of damages within the ten days amounted to a refusal of the town board to grant the application. It was said:

"When the time had expired, and no order and award had been filed, the statute stepped in and determined the fact that the application had been refused. It was as really and effectually refused as if a formal order of refusal had been filed, and under the terms of sec. 1283 it could not be acted upon again within the ensuing year."

The same effect must be given to the provisions of sec. 1276, providing that if the petition is not acted upon within sixty days such failure shall be deemed a refusal to lay out the highway.

In this case the petition was filed with the town board on the 8th day of September, 1916. Sixty days from that time was November 7th. Nothing had been done by the town board within that time, nor was anything done until December 5th, when it was decided to give notice of the meeting on December 18th. On the 7th day of November, therefore, "the statute stepped in and determined the fact that the application had been refused." Under sec. 1283 the matter could not be acted upon again for the term of one year from November 7th. It follows that the power of the town board was exhausted by force of the statute of November 7, 1916. The appeal from the order denying the petition was not taken until February 20th. The statute required that it should be taken within thirty days from the time of the denial of the petition, which was November 7th. The proceedings on appeal, therefore, were of no force or effect. The order of the commissioners laying out the highway amounted to nothing. The town board has no authority to proceed in the matter of opening the highway, and the demurrer to the return was properly sustained.

*By the Court*—Order affirmed.