STATE EX REL. LOEHR and another, Appellants, vs. HANSON and others, Town Supervisors, Respondents.

*April 9—July 3, 1920.*

*Highways: Petition to lay out: Action by town supervisors: Refusal by failure to act for sixty days: Final action not required.*

1. The minutes of a town board reciting that the board met at a certain time and place to examine the location for a highway, the petition for which had been filed, and that a named party had agreed to make the road passable for a certain distance, and that the board agreed to act upon the petition, are *held* not to show action on the petition within sixty days from its filing, and hence there was a refusal to act on the petition under sec. 1276, Stats.

2. Under said sec. 1276, providing that if town supervisors fail to act on a petition for the laying out of a highway within sixty days after the filing of the petition they shall be deemed to have refused the petition, final action within such time is not necessary, it being sufficient that any action required by the statute in response to the filing of the application was taken.

3. Official action, within the meaning of sec. 1276, contemplates the performance of some of those legal duties resulting from the filing of the petition.

APPEAL from a judgment of the circuit court for Racine county: E. B. BELDEN, Circuit Judge. *Affirmed.*

*Mandamus* to compel the defendant town board to lay out a highway. An application for laying out a highway was filed with the town clerk on the 8th day of September, 1916. The town board met on the 18th day of December, 1916, pursuant to a notice of such meeting given on the 5th day of December, 1916, to decide upon said application. Successive adjournments were taken until the 27th day of January, 1917, when the application was refused. Upon an appeal from such order to the county judge, commissioners were appointed under sec. 1276, Stats., and they reversed the action of the town board. This action is brought

to compel the town board to lay out the highway pursuant to the order of the commissioners.    The circuit court refused the peremptory writ, and relators appealed.

The cause was submitted for the appellants on the brief of *F. J. Walthers* of Milwaukee, and for the respondents on that of *Storms, Foley & Beck,* attorneys, and *William W. Storms,* of counsel, all of Racine.

The following opinion was filed May 4, 1920:

OWEN, J.    This action was here on a former appeal (168 Wis. 497, 170 N. W. 725) where a more detailed statement of facts will be found.    The issues were there presented upon a demurrer to the return to the alternative writ, and it was held that the failure of the town board to act upon the petition within sixty days from the date of its filing with the town clerk constituted a refusal to lay out the highway pursuant to the provisions of sec. 1276 of the Statutes.    Upon the remission of the case to the circuit court the relators filed an answer to the return of the town board in which it was alleged that the town board had taken action upon the petition within sixty days after the filing thereof, which action consisted of (a) the making out and signing of the notice for the meeting of December 18th on the 5th day of September, and (b) action of the town board as evidenced by the following minutes taken from the official records of the proceedings of the town board kept by the town clerk:

"Town board of the town of Norway composed of *Albert Hanson,* chairman, *B. J. Bendickson,* and *J. W. Goetz,* and J. A. Jacobson, clerk, met at *Matt Scharel's* in section 16, town of Norway, on October 26, 1916, for the purpose of examining the section line between sections 16 and 17, the petition for a highway on said section line having been filed with the town clerk.    *Matt Scharel* agreed to make the road passable from the road running east and west along the south shore of Wind Lake and south to the quarter section

line. They examined the section line and agreed to act upon the petition."

The trial court found upon sufficient evidence that the notice for the meeting of December 18th was made out December 5th, and not on September 5th, so that the only question here is, Did the action of the town board, as indicated by the minutes of the meeting above quoted, constitute action upon the application within the meaning of sec. 1276, Stats., so that there was not a refusal to lay out the highway under the provisions of that section? We do not think it constituted action upon the petition. When an application for the laying out of a highway is filed with the town clerk the statute prescribes the duties of the town board with reference thereto. An action on their part, within the meaning of sec. 1276, must be the performance of some of those legal duties resulting from the filing of the petition. The minutes quoted do not evidence that kind of action, and our conclusion is that the allegations of the answer made to the return of the town board do not disclose action on the petition within sixty days from the date of its filing.

The decision of the trial court was based on the assumption that the action contemplated by sec. 1267, Stats., meant final action upon the application, and that even though preliminary action had been taken by the town board, yet, if final action had not been taken within sixty days, the application was to be deemed to have been refused under the provisions of sec. 1267. We are satisfied that this is not a correct construction of the statute. A consideration of the statutory procedure for laying out a highway persuades us that the legislature did not intend to require final action within sixty days from the date of the filing of the application. The notice of the time and place at which they will meet and decide upon such application must be posted up at least ten days before the time of such meeting. Sec.

1267. They may adjourn from time to time not exceeding in all thirty days from the time of first meeting. Sec. 1268. They have ten days from the date of the adjourned meeting for filing their order with the town clerk. Sec. 1269. This covers a period of fifty days. Before they can act upon the application they must be satisfied that the notices have been given as required by law. If not so satisfied, new notices should be served. *State ex rel. Loehr v. Hanson,* 168 Wis. 497, 170 N. W. 725. Under such circumstances at least ten days' extra time is consumed. If the legislature intended final action to be taken within sixty days, it calls for very prompt if not immediate action upon the filing of the application to provide for these contingencies. That such was not the legislative intent is indicated, too, by the language of sec. 1267 requiring the supervisors to make out a notice "fixing therein a time and place at which they will meet and decide [not act] upon such application." It is our opinion, therefore, that the failure of the town board shall be deemed a refusal to lay out the highway only when the supervisors fail to take any action required by statute in response to the filing of the application.

*By the Court.*—Judgment affirmed.

A motion for a rehearing was denied, without costs, on July 3, 1920.