STATE EX REL. THOMPSON, Respondent, vs. EGGEN and
others, Town Board, Appellants.

*September 16, 1931—February 9, 1932.*

For the appellants there were briefs by *E. S. Jedney* of Black River Falls and *Rush & Devos* of Neillsville, and oral argument by *Mr. Jedney* and *Mr. A. L. Devos.*

For the respondent there was a brief by *Perry & Perry* of Black River Falls, and oral argument by *D. M. Perry.*

The following opinion was filed October 13, 1931:

OWEN, J. Sam Thompson, the relator, owns a farm in the town of Albion, Jackson county, Wisconsin. On the 29th day of June, 1929, he filed with the town clerk of the town of Albion a petition for the laying out of a highway therein described. This petition was signed by himself and more than six other resident freeholders, and was sufficient to confer the power and impose the duty on the town board to take the statutory proceedings and make their determination upon such petition. The town board did fix a time and place for the hearing of said petition and gave notice thereof. There is some question whether the notice was properly posted. But whether it was or not seems immaterial. The board met pursuant to such notice on the 27th day of July, 1929, and adjourned until August 23, 1929, at which time Sam Thompson was present, and it was mutually agreed that a committee be selected to appraise damages. This committee was appointed but it does not appear that it ever met, or appraised damages, or made any report to the town board.

On August 31, 1929, more than sixty days from the date of the filing of the petition, the town board declined to act on the petition, as "more than thirty days passed since the notice of meeting to act thereon, it having been adjourned from time to time."

On October 17, 1929, Thompson filed a second petition signed by more than six freeholders of the town, praying for the laying out of a highway covering the same general route as described in the first petition. It appears that notices of a hearing on this petition were duly given, pursuant to which the town board met on October 31, 1929, and denied the petition for the reason that the town board was not satisfied that the notices required by sec. 80.05, Stats., had been duly given and posted, and that the board had found upon investigation that two landowners through whose land the road proposed might pass had not received a copy of the notice of said hearing. No effort was made to serve new notices and nothing further was done with this petition.

On January 24, 1930, a third petition was filed with the town board praying for the laying out of a highway over the same general route. This petition seems to have been acted upon in full conformity with the statutes, and it was denied by the town board on the 25th day of March, 1930. On the 26th day of March, 1930, an appeal was taken from such determination to the county judge of Jackson county, under the provisions of sec. 80.17, Stats. The county judge appointed commissioners under the provisions of sec. 80.19. The commissioners so appointed determined that the high-way should be laid out, and duly filed such determination and order in the office of the town clerk of the town of Albion. The town board failed to open up the highway in conformity to such determination and order, and failed to take any action to set aside said order.

On the 23d day of October, 1930, and more than three months after the filing of the said order of the commission-

ers, these proceedings were instituted, as a result of which the town board was ordered to open up the highway, and the question presented upon this appeal is whether, under the circumstances, it was the duty of the town board to do so.

A consideration of the question requires us to bear in mind certain statutory provisions. Sec. 80.22 provides that the "determination refusing to lay out, alter, widen or discontinue any highway shall be final, unless appealed from, for the term of one year after the making of such determination; and no other application for laying out, widening, altering or discontinuing any such highway shall be acted upon within said term of one year." Sec. 80.17, Stats., provides in effect that the failure of the supervisors to file their decision upon any application or petition to lay out or discontinue any highway within sixty days after the application is made shall be deemed a refusal of the application, and any person may then appeal therefrom to the county judge. Every order laying out a highway either by the town board or by commissioners appointed on appeal, and the record or certified copy thereof, is made presumptive evidence of the facts therein stated and of the regularity of all the proceedings prior to the making of such order, by the provisions of sub. (1), sec. 80.34; and by sub. (2), sec. 80.34, it is provided that "The validity of any such order if fair on its face shall not be open to collateral attack, but may be tested by *certiorari* or other proper proper action or proceeding brought directly for that purpose at any time within three months after such order is made but not thereafter."

Under our statutes the town board is the public body clothed with general authority to lay out, alter, widen, or discontinue public highways. The law confers this power on them in general terms. The filing of a petition signed

by six or more resident freeholders invests them with jurisdiction to act in a particular case. When the first petition for the laying out of this highway was filed, the town board acquired jurisdiction to act, and to either lay out or refuse to lay out this highway. True, if from that time on they did not take the steps and give the notice as required by the statutes, their ultimate determination might have been vulnerable upon direct attack, but their determination would not have been without jurisdiction of the subject matter. Their power to act in the premises resulted from the filing of the petition. If they had declined to take any action at all in the premises for a period of sixty days, their failure to act would have amounted to a denial of the application, from which an appeal could be taken under the provisions of sec. 80.17, Stats. The fact that they did act, even though they failed to give proper notices, or to take other steps or proceedings required by the statute, could not defeat the provisions or the purpose of sec. 80.17. Their failure to take final action within sixty days after the filing of the petition, no matter what their interim proceedings were, amounted to a denial of the application by force of the statute, from which an appeal might be taken just as though they had filed their determination denying the petition after the most punctilious performance of all the requirements of the statute. *State ex rel. Hewitt v. Graves,* 120 Wis. 607, 98 N. W. 516; *State ex rel. Loehr v. Hanson,* 168 Wis. 497, 170 N. W. 725.

The purpose of the statute seems to be to coerce speedy and definite action upon such petitions, and to secure the laying out of highways required by the public interest. Where the town board is adverse to the proposed highway, the appointment of unprejudiced commissioners may be secured after the lapse of sixty days, which right is beyond any possible embarrassment by the town board. If it were

necessary for the operation of this statute that the town board act in strict compliance therewith, an adverse town board could forever prevent the operation of the statute by failing to comply with some condition precedent to their ultimate determination. This view is made more apparent by the amendment of this section by sec. 20 of ch. 108 of the Laws of 1923, after the decision in *State ex rel. Loehr v. Hanson,* 172 Wis. 181, 177 N. W. 585, where this court expressed the view that the law as it then stood required the town board to take only some action on the petition within sixty days. The amendment of the statute requiring them to file their final decision within sixty days strongly indicates the purpose to prevent the postponement of final action on such petitions by dilatory tactics of the town board. We therefore hold that the lapse of sixty days after the filing of such a petition results in a denial of the application by operation of law no matter what has been done by the town board in the meantime. This is true if the town board has not acted at all, and it is just as true if they have acted irregularly and in non-conformity with the statutes where their deliberations do not eventuate in the filing of a final determination. This being true, the town board was prohibited from considering any other petition to lay out essentially the same highway within a year, under the provisions of sec. 80.22, Stats.

But the town board did act upon another petition. An appeal was taken from its determination upon that petition resulting in an order of the commissioners laying out the highway. That order was fair on its face. It was made by a body clothed with authority to lay out highways. Sec. 80.34, Stats., provides that it shall not be open to collateral attack. The only attack that may be made upon it is a direct attack by *certiorari* or other proper action or proceeding. But such a proceeding must be brought within three months

after such order is made. It shall not be brought thereafter. Granting that the town board might have successfully challenged such order if it had acted timely, the lapse of three months from the time of the filing of the order cured any defect or irregularity in the proceedings leading up to its promulgation.

It must be remembered that these entire proceedings are an invention of the legislature. According to the legislative plan, the denial of one petition shall prevent the consideration of any other for the same highway for a period of one year, yet if such petition is entertained and the proceedings thereupon eventuate in an order fair on its face laying out the highway, such order might be effectually challenged by some direct proceeding within three months after it is filed, but it can never be attacked collaterally, and it cannot be attacked even directly after the expiration of three months from the date of its filing.

Although this, being a legislative proceeding, is not necessarily governed by the same rules that govern judicial proceedings, even the application of those rules would lead to the same conclusion. "That the term 'jurisdiction' has a double meaning has been fully elucidated by this court upon prior occasions. *Cline v. Whitaker,* 144 Wis. 439, 129 N. W. 400; *Harrigan v. Gilchrist,* 121 Wis. 127, at p. 223 *et seq.,* 99 N. W. 909. In one sense a lack of jurisdiction means a lack of judicial power to act at all in a given situation or with reference to a certain subject matter. To act under such circumstances is usurpation. It is also used to denote want of jurisdiction of the subject matter of the action in a particular instance where prescribed conditions precedent to the exercise of judicial power have not been complied with—where the power to deal with the subject generally exists, but where under the particular circumstances jurisdiction to act in the specific instance has not been ac-

quired. In the latter case action is erroneous but not void." *Seyfert v. Seyfert,* 201 Wis. 223, 228, 229 N. W. 636. It is only in the former case that their action is subject to collateral attack. In all other cases their action must be reviewed on appeal, and until reversed upon appeal it is binding upon all. Such action is not void but merely irregular. And so here. The town board has power to lay out highways. This power is fully aroused by the filing of the petition provided by statute. Their power to act having once been aroused, their action however irregular and erroneous is not void, even under the principles applicable to the jurisdiction of courts. So when a statute provides that an order laying out a highway shall not be attacked even in a direct proceeding after a period of three months from the filing of an order, it is a legislative sanction of any and all proceedings eventuating in such an order, except when such order is challenged within the time and in the manner permitted by the statute.

The appellants rely on *Roehrborn v. Ladysmith,* 175 Wis. 394, 185 N. W. 170. There may be some difficulty in distinguishing the question there involved from the one here considered. But in so far as that case conflicts with the conclusion here reached it must be deemed overruled.

At the commencement of the trial the defendants moved for judgment upon the pleadings, which motion was denied. The denial of this motion is assigned as error. The return of the town board to the alternative writ set forth the actions of the town board on the first and second petitions, and claimed that the order of the commissioners was void because it constituted action within one year after the prior petitions had been denied. The relator neither answered nor demurred to this return. It is the contention of the appellants that because neither answer nor demurrer was interposed to the return there was no issue to be tried. Sec.

293.02, Stats., provides that the relator may answer or demur to the return. It is settled in this state that *mandamus* proceedings are governed by the rules governing pleadings in civil actions; that the petition constitutes the complaint and the return the answer thereto. *State ex rel. Green Bay & M. R. Co. v. Jennings,* 56 Wis. 113, 14 N. W. 28; *State ex rel. Spring Lake v. Pierce County,* 71 Wis. 321, 37 N. W. 231. The relator may demur or answer the return. In this case the return merely set up record facts which could not be denied. Perhaps all of the issues presented by the petition and return might have been raised by demurrer. But the fact that the relator did not demur, certainly did not entitle the defendants to judgment on the pleadings unless the facts set forth in the pleadings showed them entitled thereto.

*By the Court.*—Judgment affirmed.

The following opinion was filed February 9, 1932:

PER CURIAM (*on motion for rehearing*). Upon a motion for rehearing the appellants raise a point not presented or argued upon the original presentation of the case, suggested by the decision in *State ex rel. Wisniewski v. Rossier,* 205 Wis. 634, 238 N. W. 825, where it was held that *mandamus* is not available to compel a town to repair a highway in view of the fact that an adequate remedy is provided by the provisions of sec. 81.14, Stats. That section does provide an adequate remedy by which to secure the opening up of a highway that has been duly laid out or the repairing of a highway that has been opened. However, in this case the contention was that the highway had not been legally laid out, consequently there was no highway.

The remedy provided by sec. 81.14 furnishes no means for the determination of the question whether this highway

was duly laid out, which was the real point in issue between the parties. The question of whether there was a legally laid out highway was one calling for judicial determination. The county board would have no authority to open up the highway if it had not been legally laid out, and in face of the known contention of the town board it is not to be presumed that they would act until the question of whether there was a legally laid out highway was determined. Under the circumstances, *mandamus* was the only adequate remedy available in this case.

The motion for rehearing is denied, with $25 costs.