DRZEWIECKI and wife, Respondents, vs. STEMPOWŚKI, Appellant.

*September 13—October 10, 1939.*

448

*Herbert R. Manger* and *Bernard G. Wozniak,* both of Milwaukee, for the appellant.

*Ben Lewis* of Milwaukee, for the respondents.

ROSENBERRY, C. J.   On the 12th day of June, 1923, the plaintiffs were the owners of certain premises in the city and county of Milwaukee, and on that day they executed to the Strozyk-Zalewski Company, a corporation, a negotiable promissory note in the amount of $2,500 with interest thereon at the rate of six per cent per annum, payable three years after date.   To secure the payment thereof they executed a mortgage upon real estate, which was duly recorded on June 22, 1923, and on the 2d day of July, 1923, the Strozyk-Zalewski Company duly assigned and delivered the note and mortgage for value to the defendant Stempowski, which assignment was recorded on June 4, 1930.   The defendant Stempowski ever since has been and now is the lawful owner and holder of said note and mortgage.   On January 22, 1925, the Strozyk-Zalewski Company was voluntarily dissolved, and ever since has been out of business.   The plaintiffs, in ignorance of the fact that the note and mortgage had been assigned, made the following payments to John S. Strozyk, who was the former president of the Strozyk-Zalewski Company:

June  13, 1927................................... $500.00
Dec.  13, 1927...................................  500.00
June 14, 1928................................... 1,000.00

It further appears that when the note and mortgage were assigned, the note was not indorsed by the Strozyk-Zalewski Company.   Between April 12, 1935, and June 12, 1937, the plaintiffs borrowed back from John S. Strozyk the sum of $746.34, leaving a balance of $1,253.66 to be applied toward payment of the note and mortgage.   Most of the money so

borrowed back was used to pay interest and taxes. A part of it was used for living expenses.

The court found that there was due upon the note and mortgage $1,246.34, with interest at the rate of five per cent per annum from December 14, 1937. Judgment was entered accordingly establishing the amount due. The trial court filed no opinion, and we are therefore not advised upon what theory the court concluded that payments made by the plaintiffs to Strozyk constituted a payment *pro tanto* of the note secured by the mortgage.

Plaintiffs seek to sustain the judgment on the theory that Strozyk being the president of the Strozyk-Zalewski Company and in complete charge of its affairs, payment to him was payment to the named payee and discharged the note *pro tanto*.

It is to be noted that all of the payments were made after the note became due. The note not having been indorsed by the payee, the defendant Stempowski was not a holder in due course. Being payable to the company or order, it could be negotiated only by indorsement. Sec. 116.35, Stats.; 8 Am. Jur. p. 97, § 360.

The transfer for value of the instrument payable to order, without indorsement, vests in the transferee such title as the transferrer had therein, subject to defenses available against the transferrer. Although the transferee may require an indorsement, he does not become a holder in due course until the time of the actual making of the indorsement. See 8 Am. Jur. p. 100, § 362, and cases cited. Where an instrument, negotiable only by indorsement, has been transferred by assignment or by delivery, payment to the original holder without notice of the transfer is a defense against the assignee. 8 Am. Jur. p. 274, § 574.

The defendant Stempowski being an assignee and not an indorsee, the law relating to payment to original creditors applies. It is the undoubted law of this state that payment

by a debtor to his original creditor protects him against an assignee of the debt unless he has notice of the assignment. *Rosecky v. Tomaszewski* (1937), 225 Wis. 438, 442, 274 N. W. 259, and cases cited.

Discussing the matter of notice of the assignment in *Skobis v. Ferge* (1899), 102 Wis. 122, 130, 78 N. W. 426, the court said:

"The fact, however, of such substitution of a new creditor must, in order to make the debtor liable to the assignee, be brought home to the debtor with much exactness and certainty before he has paid the debt. The rule of notice to him is much more stringent than that which may defeat the title of a *purchaser* of a chose in action or of real estate. The latter is free to purchase or refuse to purchase as he chooses, and therefore it is his duty, before acting, to trace out any reasonable doubt and inform himself of the true facts as soon as anything arises to put him on inquiry. But the debtor is not so situated. He must pay to his original creditor when the debt is due, unless he can establish affirmatively that some one else has a better right. The notice to him, therefore, must be of so exact and specific a character as to convince him that he is no longer liable to such original creditor, and to place in his hands the means of defense against him, or at least the information necessary to interplead the assignee."

The conclusion is irresistible that if the maker pay to the payee named in the note, the payment operates as a discharge of the note *pro tanto*.

The question therefore arises, was payment to Strozyk payment to the Strozyk-Zalewski Company which was in process of dissolution? Ch. 181, Stats., makes provision for dissolution of corporations. Sec. 181.02 provides:

"All corporations whose term of existence shall expire by their own limitation, or which shall be dissolved, shall nevertheless continue to be bodies corporate for three years thereafter for the purpose of prosecuting and defending actions, and of enabling them to settle and close up their business, dispose of and convey their property and divide their assets and for no other purpose. . . ."

It would appear from the provisions of sec. 181.04, Stats., that after the expiration of the three-year period the corporation ceased to exist for any purpose, that section vesting the title to real estate theretofore held by the corporation at the time of its dissolution in those persons holding stock in the corporation at that time. The resolution dissolving the company having been filed in the office of the secretary of state on January 22, 1925, the corporation had no existence on June 14, 1928, when the plaintiffs paid the sum of $1,000 to Strozyk. It is considered therefore that that payment did not operate as a discharge *pro tanto* of the note in question. Payments made on June 13, 1927, and December 13, 1927, were made before the expiration of the three-year period. Payment made on June 13, 1927, was evidenced by the following receipt:

"Received of Frank Drzewiecki five hundred no/100 dollars on account mortgage.

"$500.00

"J. S. STROZYK,
by J. S. S."

The payment of December 13, 1927, was evidenced by the following receipt:

"Received of Frank Drzewiecki five hundred ($500.00) and no /100 dollars. To apply on account of mortgage.

"$500.00

"J. S. STROZYK,
by C. B. SZYMAREK."

From the plaintiffs' exhibits it appears that notice of the due date of interest was sent to the plaintiffs in the name of Strozyk. The notices describe him as " 'The Old Reliable,' J. S. Strozyk, *Realtor* Loans-Insurance Foreign Passage."

So far as the record discloses all of the transactions had between plaintiffs and Strozyk after the execution and delivery of the mortgage were in the name of J. S. Strozyk, or after 1937, J. S. Strozyk & Company. On June 20, 1932, J. S. Strozyk, as agent, entered into an agreement with the plaintiffs to extend the time of payment of $500 for three

years. This document was signed "J. S. Strozyk, agent for mortgagee." The name of the mortgagee does not appear.

If the company had retained the note and mortgage in question as an asset, payment to it during the three-year period would undoubtedly have discharged the liability of the mortgagors. The collection of the note and mortgage would have been a part of the process of closing up and settling a corporate business. The note and mortgage having been assigned, the note not having been indorsed, the assignee of the mortgage was, as respects payments, in the position of an assignee of a chose in action, that is, payment to the original owner, the payer having no notice of the transfer, would extinguish the obligation *pro tanto*.

We have carefully examined the record in this case. From that examination it appears without dispute that the plaintiffs dealt with Strozyk personally and with no one else. All the notices were sent in the name of Strozyk, all the receipts were issued in his name. He never pretended to act for and on behalf of the Strozyk-Zalewski Company or anyone else but himself. True, in 1932, he described himself as agent of the mortgagee, but that was long after the payments had been made to Strozyk, and therefore could not have been relied upon by the plaintiffs in making payments in 1927. In their complaint the plaintiffs alleged that Strozyk was agent of the defendant Stempowski. Upon that issue, however, the trial court found against the plaintiffs. While in the complaint the plaintiffs alleged that payments were made to the defendant Strozyk-Zalewski Company, no evidence was offered upon the trial with respect to payments made to anyone except those made to John S. Strozyk. The trial court found that the payments were made to John S. Strozyk, and that because of the payments so made to Strozyk the mortgage was discharged *pro tanto*. That the plaintiffs must have known that they were dealing with Strozyk personally is evidenced by the fact that long after the payments were

made and in the years 1936 and 1937 the plaintiffs applied to Strozyk to borrow back a part of the money. As a result of this application, Strozyk advanced the sum of $746.34 as found by the trial court and gave to the plaintiffs his note for the balance.

While this case presents a very difficult situation in this that both the plaintiffs and the defendant Stempowski trusted Strozyk and now one of two innocent parties must suffer a loss due to his misconduct, nevertheless that does not operate to change the rule of the law. Upon the facts of this case we find no ground on which it can be said that payment to Strozyk was a payment to the Strozyk-Zalewski Company. While it may be that plaintiffs in this case, because of inability to read the English language and unfamiliarity with business transactions, may not have been aware of the legal consequences of what they did, nevertheless the rule applied is that they were charged with knowledge or notice of such facts as would be brought home to an ordinarily prudent man. Applying this rule, plaintiffs must be charged with notice of the fact that they were making payments to Strozyk and were dealing with him individually. So far as the two $500 payments were concerned, payments not having been made to the mortgagee, the mortgage was not discharged thereby.

*By the Court.*—Judgment appealed from is reversed, and cause remanded with directions to dismiss plaintiffs' complaint upon the merits.