BJELDE, Administratrix, Appellant, vs. DOLAN and others, Respondents.

*December 4, 1945—January 8, 1946.*

For the appellant there was a brief by *J. J. McManamy* of Madison, attorney, and *F. V. McManamy* of Eau Claire of counsel, and oral argument by *F. V. McManamy*.

For the respondents there was a brief by *Field & Rikkers* of Madison, and oral argument by *Edward H. Rikkers*.

BARLOW, J. The motion for nonsuit was granted because plaintiff failed to show that the note was held by her husband at the time of his death. The evidence shows that Norvold Bjelde, during his lifetime, purchased a bank money order in the sum of $500 payable to his sister, Mrs. Charles Dolan, and mailed the same to her at Kenosha. She cashed the money order and gave the money to her husband, Charles L. Dolan, who voluntarily prepared a promissory note which was signed by the five defendants, whereby they promised to pay to Norvold Bjelde $500 six months after date for value received, with interest at five per cent per annum until paid. This note was given to Mrs. Charles Dolan to be forwarded to her sister at Madison, Wisconsin. Norvold Bjelde died two months after the note was executed by the defendants, and the note was in the possession of Mrs. Charles Dolan at the time of his death. Cleo Bjelde was duly appointed administratrix of the estate of Norvold Bjelde and a citation was issued out of the county court of Dane county directing Mrs. Charles Dolan to appear in said court to testify with reference to the personal estate of the deceased Norvold Bjelde. At such examination she produced the note in question, which was attached to the deposition and became part of the record in the estate of the deceased. The administratrix commenced this action to recover on the note. After making proof of the above facts the note was introduced in evidence, and the plaintiff rested. The court granted nonsuit.

The first question raised by appellant is the sufficiency of the denial in respondents' answer of the material allegations in plaintiff's complaint so as to create an issue and place plaintiff on her proof. It is contended that the answer of defend-

ants is a negative pregnant and does not place in issue any of the allegations of plaintiff's complaint. The answer was not attacked before the trial court. If it had been attacked and the court had found the position of appellant to be correct it would have been within its province to have permitted an amendment of defendants' answer so as properly to raise the issues between the parties. It was apparently assumed by appellant, at the time, that the answer was a denial of all material allegations of the complaint, and proof was offered accordingly. Appellant relies on *Grimm v. Washburn* (1898), 100 Wis. 229, 75 N. W. 984, where the court said that a pleading which is a negative pregnant is a form of pleading which has uniformly been condemned by the courts. However, in that case the question of the sufficiency of the denial was raised at the trial and defendant was given an opportunity to amend, but declined. The court there said that a ruling by the trial court that the pleading was bad was unquestionably correct.

The second paragraph of defendants' answer was in the following language:

"Denies [using the exact language of the second paragraph of plaintiff's complaint] that on the 15th day of December, 1941, the defendants, for value received, made, executed, and delivered to Norvold Bjelde, the deceased, their promissory note in writing wherein and whereby the said defendants promised to pay to the said Norvold Bjelde the sum of $500 on June 15, 1942, with interest thereon at the rate of 5% per annum until paid. . . ."

While this form of pleading is not approved, it is defective as to form only and may be cured by verdict or judgment after trial. In 41 Am. Jur., Pleading, p. 573, sec. 404, the general rule is stated in the following language:

". . . that where the parties have attempted to join an issue to be tried, and it has been tried, however defective in form the pleadings may be a verdict for the one or the other will be held to cure such defective pleadings, that is, will cure

them as to their form, and supply all omitted necessary averments concerning essential facts relied on, provided the proof or admission of such facts was necessarily considered before the verdict was rendered, for the verdict must be assumed upon proof of facts which justified it. . . ."

The same rule applies to judgments. It is considered that appellant cannot attack the sufficiency of defendants' answer at this time.

Appellant next contends that the execution of the note, and the delivery thereof to Mrs. Charles Dolan constituted a delivery to the payee, and the fact that the note was not among his papers at the time of his death but was subsequently found in the possession of Mrs. Charles Dolan without the indorsement of the payee could not constitute Mrs. Dolan as a holder. In order for appellant to recover, it was necessary for her to prove that her husband was the holder of the note at the time of his death. Under sec. 116.01, Stats., "holder" means "the payee or indorsee of a bill or note, who is in possession of it, or the bearer thereof." The evidence clearly establishes that the payee was not in possession of the note at the time of his death. There is no evidence that he was ever in possession of the note. It is argued that the note being payable to the order of payee it could be negotiated only by indorsement. It does not follow that a payee may not transfer a negotiable instrument for value payable to his order without indorsement and vest title in the transferee subject to defenses available against him. It was held in *Drzewiecki v. Stempowski* (1939), 232 Wis. 447, 450, 287 N. W. 747:

"The transfer for value of the instrument payable to order, without indorsement, vests in the transferee such title as the transferrer had therein, subject to defenses available against the transferrer. Although the transferee may require an indorsement, he does not become a holder in due course until the time of the actual making of the indorsement. See 8 Am. Jur., Bills and Notes, p. 100, sec. 362, and cases cited."

It is considered that the appellant failed to prove that the payee was the holder of said note at the time of his death, and therefore the trial court properly granted a nonsuit.

Appellant, as administratrix of the estate of Norvold Bjelde, deceased, petitioned for the allowance and settlement of her final account, which was set for hearing in the county court of Dane county on January 11, 1944. January 10, 1944, the judge of the circuit court for Dane county issued an order to show cause why this appellant should not be restrained from closing the estate until this action is disposed of, and temporarily restraining her from proceeding with the closing of said estate until the order to show cause could be heard. Final restraining order was issued February 15, 1944, after due hearing. Appellant contends that there was no reasonable ground for the circuit court issuing the restraining order.

It appears that on November 20, 1943, a pretrial conference was held before Judge REIS, before whom the case was to be tried, in an effort to clarify the issues and possibly settle and dispose of the action. Settlement appeared to be impossible and the case was set for trial on January 4, 1944. In determining a date for trial, counsel for defendants stated he expected to leave for New York City on December 1, 1943, and return about December 15th. December 2, 1943, counsel for plaintiff issued a notice of adverse examination of Charles L. Dolan, returnable at Kenosha on December 13, 1943. The notice was served on the defendant Dolan personally and on a member of the firm of attorneys representing Mr. Dolan on December 6, 1943. The attorney handling the case was in New York at the time of the service of this notice and did not return until the day set for the examination or the day after. Dolan appeared before the magistrate without an attorney, and was examined adversely. After the examination there was a conversation between plaintiff's attorney and Dolan as to a settlement of the action. Dolan testified that plaintiff's attorney informed him there was no question in his

mind that on January 4th, the date of trial, judgment would be pronounced against him and that additional costs would be taxed, amounting to over $100, including interest which would accrue and that there would also be the costs of the trial on January 4th. Plaintiff's attorney offered to settle with Dolan for the face of the note plus costs of $19.80 which had been incurred in the adverse examination. Dolan testified that by reason of these statements he felt he was forced to settle and that he had no chance of getting out of this matter without tremendous loss to himself and the other defendants. Appellant contends that when defendants' counsel failed to appear at the adverse examination he defaulted and abandoned the defendants, and that when the defendant Dolan talked to him about settling, he was justified in discussing it with him and making a settlement.

It is undisputed this action had been set for trial on a day certain a few days before the notice of adverse examination of the defendant Dolan was prepared, and the purpose of this examination on the part of the plaintiff was to prepare for trial. Parties to an action, when they retain counsel, are entitled to the benefit of such counsel, and the better practice in discussing settlement is to do so through the attorneys of the respective parties. The court may well carefully scrutinize a settlement made direct with the party to an action who is at the time represented by counsel, and it is considered there is ample evidence to sustain the trial court in setting aside the settlement and restraining the plaintiff from proceeding to close the estate of Norvold Bjelde, deceased.

*By the Court.*—Order and judgment affirmed.