IN RE INCORPORATION OF PART OF TOWN OF PREBLE INTO VILLAGE OF PREBLE: SCHOEN and others, Appellants, vs. CITY OF GREEN BAY and others, Respondents.

*April 8—May 6, 1952.*

462

For the appellants there were briefs by *Evrard, Evrard, Duffy, Holman & Faulds* of Green Bay, and oral argument by *John P. Holman, James R. Faulds,* and *R. E. Evrard.*

*Clarence W. Nier,* corporation counsel, for the respondent city of Green Bay.

*John W. Reynolds, Jr.,* of Green Bay, for the objectors-respondents.

FRITZ, C. J.    This appeal presents the question of whether at the time of instituting the proceedings for incorporation of the village of Preble there were pending before the council of the city of Green Bay annexation proceedings for the annexation of part of the same lands embraced in the territory proposed to be incorporated as a village, which would bar the incorporation proceedings. In *In re Incorporation of Village of St. Francis,* 208 Wis. 431, 243 N. W. 315, we held that if at the time a petition for incorporation of a village is filed there are pending proceedings for incorporation begun in good faith to annex to an adjacent city a part of the territory included in the proposed village, the application for the incorporation must be denied. In *State ex rel. Madison v. Walsh,* 247 Wis. 317, 321, 19 N. W. (2d) 299, we stated:

"The law requires the circulation and filing of a valid petition to give the common council jurisdiction in an annexation matter. The towns are entitled at any time to attack the proceedings by a showing that the original petition filed with the council was invalid. *Wilson v. Sheboygan*

(1939), 230 Wis. 483, 283 N. W. 312; *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 238 N. W. 404, 240 N. W. 839. Hence the question of whether the petition was valid in its inception is properly raised here, as it was considered and decided below."

In the syllabus in *In re Incorporation of Village of St. Francis, supra,* it is stated that it was proper to deny an application for incorporation of the village because of a pending annexation proceeding *"not void on its face."* In view of the later decision in *State ex rel. Madison v. Walsh, supra,* a better statement would seem to be that the application for incorporation should be denied if there is a pending proceeding for annexation *valid on its face.* In order for an annexation proceeding to be *valid on its face* one of the requisites would seem to be that the petition for annexation must either contain an allegation that it is signed by the required number of electors and property owners of the territory to be annexed to comply with the requirements of sec. 62.07 (1) (a), Stats., or else that proof of such compliance with the statute affirmatively appear in the record of the proceedings of the common council,—such as by way of a filed affidavit or a determination by a council committee, etc., that the petition did bear sufficient signatures to comply with the statute. In the absence of any such allegation of compliance in the petition itself, or extrinsic proof thereof in the council proceedings, it becomes necessary for the court in the incorporation proceedings to determine for itself whether a valid annexation petition bearing sufficient signatures was pending before the council at the time of filing the incorporation petition.

In the case at bar, the petition for annexation contained no allegation that it was signed by sufficient electors and property owners of the territory to be annexed to comply with the statutory requirements. Neither was there any proof by affidavit or otherwise appearing in the council pro-

ceedings up to October 10, 1949, establishing that the petition did bear sufficient signatures to make it a valid petition. The trial court rightly concluded that those things which transpired in the annexation proceedings subsequent to October 10, 1949, are not to be considered in determining the validity of the pending annexation proceedings. In other words the question in the instant case resolves itself down to whether on October 10, 1949 (the date of filing the incorporation proceedings), there was pending before the council of the city of Green Bay a valid petition for annexation bearing sufficient signatures to comply with the statute.

Inasmuch as no steps had been taken either by the city, or by the electors or property owners of the territory proposed to be annexed, between June 7, 1949 (the date the city council adopted the report of its annexation commission), and October 10, 1949, we are constrained to hold that the city of Green Bay is precluded by the action of its council in adopting such report from now contending that on October 10, 1949, there was pending before such council any valid petition for annexation. Said report ended with the statement: "Because of the greater number of signatures on the counterpetition than were on the original petition requesting annexation, the commission reluctantly advises the mayor and the council of the city of Green Bay that it no longer can consider the annexation of this area on the basis of the original petition." By adopting that report the council in effect determined that the original petition for annexation bore *in*sufficient signatures of electors and property owners of the territory to be annexed to comply with the annexation statute (sec. 62.07, Stats.); and this state of the record in the proceedings of the council continued unchanged by any subsequent occurrence until October 10, 1949. The city is bound by its own determination of the insufficiency of the annexation petition as against the rights of the petitioners for incorporation, who after such determination proceeded to

take steps for incorporation by complying with all statutory requirements therefor, and had filed their petition for incorporation with the court prior to any steps being taken to revive the annexation proceedings by securing additional signatures of electors and property owners to the petition for annexation.

Whether in the absence of the institution of the intervening incorporation proceedings, the original annexation petition could be revived by the securing of additional signatures after October 10, 1949, so as to give the city council jurisdiction to adopt the annexation ordinance on November 1, 1949, we find it unnecessary to determine on this appeal.

*By the Court.*—Judgment reversed and cause remanded for further proceedings in accordance with this opinion.