TOWN OF WAUWATOSA, Appellant, vs. CITY OF MILWAUKEE, Respondent.

*January 7—February 2, 1954.*

60

For the appellant there were briefs by *William Kay,* attorney, and *Dineen, Gleason, Shaughnessy & Dineen* of counsel, all of Milwaukee, and oral argument by *Mr. C. R. Dineen* and *Mr. Kay.*

For the respondent there was a brief by *Walter J. Mattison,* city attorney, and *Richard F. Maruszewski,* assistant city attorney, and oral argument by *Mr. Maruszewski.*

A brief was filed by *Albert B. Houghton* of Milwaukee, as *amicus curiae.*

BROADFOOT, J.   It is the first claim of the plaintiff that the answer denied each of the allegations of the complaint in the same words used in the complaint and was thus a negative pregnant; that no issue or issues were raised by such form of denial; that the allegations of the complaint were admitted and the plaintiff was therefore entitled to judgment as prayed for in the complaint. This issue was not raised until after trial, but was submitted to the trial court by way of a motion after trial. If the objection to the answer was valid, and we do not concede that it was, the question should have been raised before the trial. The purpose of pleadings is to inform the court and opposing parties of the issues. The plaintiff does not claim that it was misled by the answer and it proceeded to trial. In the case of *Bjelde v. Dolan,* 248 Wis. 153, 21 N. W. (2d) 258, it was held that an answer which was a negative pregnant was defective as to form only and could not be attacked for the first time on appeal. The reasoning

contained in that opinion applies with equal force when the answer is attacked for the first time after trial.

The plaintiff then contends that the petition for annexation was invalid for lack of certainty and that the ordinance based thereon is therefore invalid. The petition was circulated and presented to the common council of the city of Milwaukee pursuant to the provisions of sec. 62.07 (1) (a), Stats., the first part of which reads as follows:

"A petition therefor shall be presented to the council 1. signed by a majority of the electors in such adjacent territory and by the owners of one half of the real estate within the limits of the territory proposed to be annexed, or 2. if no electors reside in the said adjacent territory signed by the owners of one half of taxable property therein according to the last tax roll, or 3. by a majority of the electors and the owners of one half of the real estate in assessed value; . . ."

The initial paragraph of the petition which was circulated reads as follows:

"We, the undersigned, constituting a majority of the electors and either owners of one half of the real estate in area or one half of the real estate in assessed value within the limits of the territory proposed to be annexed, lying and being contiguous and adjacent to the city of Milwaukee, do herewith together present to and petition your honorable body to annex to the city of Milwaukee said territory hereinafter described, a plat of which is hereto annexed marked Exhibit 'A' and made a part of this petition, to wit:"

The petition was in the alternative reciting the signature thereof by a majority of the electors and either the owners of one half of the real estate in area or one half of the real estate in assessed value. It is the contention of the plaintiff that as it cannot be determined from a reading of the petition, and there was no evidence in the records of the common council indicating which of the alternative plans outlined in the statute was followed, the ordinance should be held void.

In its findings the trial court determined that the petition contained the signatures of 110 of the 179 electors living within the area sought to be annexed, and that it contained the signatures of the owners of 211 of a total of 314 acres within such area. This finding is not challenged. Thus, it is apparent that the petition contained a majority of the electors and the owners of more than one half of the land in area.

The plaintiff cites the following quotation from *State ex rel. Madison v. Walsh,* 247 Wis. 317, 321, 19 N. W. (2d) 299:

"The law requires the circulation and filing of a valid petition to give the common council jurisdiction in an annexation matter. The towns are entitled at any time to attack the proceedings by a showing that the original petition filed with the council was invalid. *Wilson v. Sheboygan* (1939), 230 Wis. 483, 283 N. W. 312; *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 238 N. W. 404, 240 N. W. 839. Hence the question of whether the petition was valid in its inception is properly raised here, as it was considered and decided below."

In connection with its next contention it also cites the following from *In re Town of Preble,* 261 Wis. 459, 464, 53 N. W. (2d) 187:

"In order for an annexation proceeding to be valid on its face one of the requisites would seem to be that the petition for annexation must either contain an allegation that it is signed by the required number of electors and property owners of the territory to be annexed to comply with the requirements of sec. 62.07 (1) (a), Stats., or else that proof of such compliance with the statute affirmatively appear in the record of the proceedings of the common council,—such as by way of a filed affidavit or a determination by a council committee, etc., that the petition did bear sufficient signatures to comply with the statute. In the absence of any such allegation of compliance in the petition itself, or extrinsic proof thereof in the council proceedings, it becomes necessary for the court in the incorporation proceedings to determine

for itself whether a valid annexation petition bearing sufficient signatures was pending before the council at the time of filing the incorporation petition."

When the validity of annexation proceedings is attacked, the court can do nothing more than determine whether the conditions prescribed by the legislature existed when the annexation occurred. In the *Town of Preble Case* it was held that in the absence of affirmative proof before the common council as to the validity of the entire annexation proceeding it is necessary for the court itself to determine whether a valid annexation petition was pending before the council. The trial court found that the petition was sufficient under the statute and its finding in that regard must be affirmed.

Sec. 62.07 (1) (a), Stats., provides for the posting and publication of notice before the petition can be properly circulated. The plaintiff contends, and it is admitted, that proof of the posting and publication of such notice was not filed with the city clerk of the city of Milwaukee at the time the common council adopted the annexation ordinance. The plaintiff contends that in order to make the proceedings valid it was necessary that the common council have before it evidence of compliance with the statute as to posting and publication of the notice therein required, and that the council could not properly act upon the annexation ordinance until it had such evidence before it.

The record discloses, and the trial court found, that the petition for annexation was referred to the judiciary committee of the common council of the city of Milwaukee and that evidence of compliance with the posting and publication of said notice was presented to such committee. The finding in that regard is not attacked. What has been said above applies to this contention. A challenge of the posting and publication of the notice having been made, the court received testimony as to the facts and found that the statute had been complied with in that regard. The notice was properly posted

and published and the proofs thereof were in the office of the supervisor of the community-development department in the city hall. Any inquiry as to proof of publication and posting of the notice at the office of the city clerk would undoubtedly have been referred to the community-development department and any person interested could have obtained the desired information there. This determination of the trial court must also be affirmed.

For many years prior to 1951 the city of Milwaukee conducted its annexation proceedings under sec. 926–2 of the statutes of 1898, which were incorporated in the Milwaukee city charter as sec. 1.03. The legislature, by ch. 547, Laws of 1951, repealed sec. 926–2, Stats. 1898. After the effective date of that chapter the city of Milwaukee would have been without any provision for annexation. The last general charter law passed by the legislature appears in ch. 62 of the statutes. This chapter was originally enacted in 1921. Sec. 62.03, Stats., exempted cities of the first class under special charter from the general charter law but it also provided that any first-class city may adopt any section or sections of said chapter by ordinance. On the 29th day of June, 1951, the common council of the city of Milwaukee adopted ordinance No. 206, creating sec. 2–69.5 of the Milwaukee Code, whereby it elected to come under the provisions of sec. 62.07, Stats., for annexation purposes.

The plaintiff contends that this election should have been accomplished by means of a charter ordinance incorporating the statute as part of its city charter; that the adoption of a mere ordinance was ineffective in that power to annex territory must be found in the charter. Municipal corporations are considered to be arms of the state established by authority of the legislature for the purpose of administration of certain affairs of government. The common council of the city of Milwaukee could not invest itself with the power to annex lands outside its boundaries otherwise than provided for by

legislative enactment. Municipal corporations hold and exercise their powers subject to legislative authority. Ch. 62, Stats., containing secs. 62.03 and 62.07, Stats., was enacted in 1921. At that time there was no provision in the statutes relating to charter ordinance to which our attention has been called. In 1924 a constitutional amendment relating to home rule for cities and villages in Wisconsin was adopted which amended sec. 3, art. XI of the state constitution. Thereafter a portion of said section read as follows:

"Cities and villages organized pursuant to state law are hereby empowered, to determine their local affairs and government, subject only to this constitution and to such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village. The method of such determination shall be prescribed by the legislature."

Thereafter, and in 1925, the legislature adopted ch. 66, Stats. Portions of sec. 66.01, Stats., read as follows:

"(1) Pursuant to section 3 of article XI of the constitution, the method of determination of the local affairs and government of cities and villages shall be as prescribed in this section.

"(2) (a) A 'charter ordinance' is any ordinance which enacts, amends, or repeals the whole or any part of the charter of a city or village, or makes the election mentioned in subsection (4) of this section. Such charter ordinance shall be so designated, shall require a two-thirds vote of the members-elect of the legislative body of such city or village, and shall be subject to referendum as hereinafter prescribed.

"(4) Any city or village may elect in the manner prescribed in this section that the whole or any part of any laws relating to the local affairs and government of such city or village other than such enactments of the legislature of state-wide concern as shall with uniformity affect every city or every village shall not apply to such city or village, and thereupon such laws or parts thereof shall cease to be in effect in such city or village.

"(12) Nothing in this section shall be construed to impair the right of cities or villages under existing or future authority to enact ordinances or resolutions other than charter ordinances."

It is apparent from a reading of said section that the charter ordinances provided therein must deal with local affairs, other than enactments of the legislature of state-wide concern. It is apparent that annexation affects not only the people of the annexing city or village, but also the people in the area proposed to be annexed and the people in the town losing such area. It cannot be said that ch. 66, Stats., applies in any way to annexation proceedings. In *State ex rel. Sleeman v. Baxter*, 195 Wis. 437, 219 N. W. 858, the effect of the home-rule amendment was discussed. The following statement appears on page 445 of that opinion:

"Apparently existing legislation is to remain intact so far as the amendment is concerned."

At page 448 the opinion further states:

"We therefore conclude that the home-rule amendment imposes no limitations upon the power of the legislature. Legislation existing at the time of its adoption is in effect. The power of the legislature to legislate in the future as it has in the past has not been limited. But where legislation of a city enacted within the scope of its home-rule powers comes in conflict with state legislation, the legislation of the city prevails over the state legislation, unless the state legislation affects uniformly every city of the state."

Sec. 62.03, Stats., expressly gave cities of the first class the right to adopt any part of the general charter law contained in ch. 62, Stats., by ordinance. The adoption of ch. 66, Stats., referring to purely local matters, did not in anyway change the authority of a city of the first class to adopt the annexation provisions of the general charter. Except as to

local matters a city of the first class must look to the legisla-
ture for an amendment of the charter of cities in that class.
The city acted in conformity with the statute enacted by the
legislature.

*By the Court.*—That part of the judgment appealed from
is affirmed.