432

Henry J. BAGROWSKI, Plaintiff,

v.

AMERICAN EXPORT ISBRANDTSEN LINES, INC., Defendant and Third-Party Plaintiff,

v.

CITY OF MILWAUKEE, Third-Party Defendant.

No. 67-C-214.

United States District Court
E. D. Wisconsin.

Nov. 10, 1969.

Goldberg, Previant & Uelmen, by Albert J. Goldberg, Milwaukee, Wis., for plaintiff.

Davis, Kuelthau, Vergeront & Stover, by Harney B. Stover, Jr., Milwaukee, Wis., for defendant and third-party plaintiff.

Herbert F. Sonnenberg, Asst. City Atty., Milwaukee, Wis., for third-party defendant.

DECISION and ORDER

MYRON L. GORDON, District Judge.

The third-party defendant, the city of Milwaukee, has moved for dismissal of the third-party action.

The original action was brought by a stevedore against the owner of a ship upon which the plaintiff was working when he sustained his alleged injuries. A third-party action was started by the ship owner against the city of Milwaukee by whom the plaintiff was employed. The city alleges, in support of its motion to dismiss, that it has paid workmen's compensation to the plaintiff, and that such payment is the exclusive remedy against the employer under Wis.Stat. § 102.03(2).

The third-party plaintiff, American Export Isbrandtsen Lines, Inc., argues that regardless of the existence of Wis. Stat. § 102.03(2), the city can still be required to provide indemnity under federal law. In Ryan Stevedoring Co. v. Pan-Atlantic S. S. Corp., 350 U.S. 124, 76 S.Ct. 232, 100 L.Ed. 133 (1955), the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 903, was interpreted to allow the ship owner to cross-complain against the stevedoring company. The basis for the indemnity in that case was the court's finding of an implied warranty of workmanlike service by the stevedoring company.

Even if the federal law applies here, it does not follow that the city can be joined in this action. 33 U.S.C. § 903 (a) (2) provides:

"No compensation shall be payable in respect of the disability or death of—

\* \* \* \* \* \*

(2) An officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof."

Thus the federal law is inapplicable if the city of Milwaukee is a political subdivision of the state. The Wisconsin supreme court in Wauwatosa v. Milwaukee, 266 Wis. 59, 65, 62 N.W.2d 718 (1954) said, in direct reference to the city of Milwaukee:

"Municipal corporations are considered to be arms of the state established by authority of the legislature for the purpose of administration of certain affairs of government."

Other cases which establish that a city is a political subdivision of the state are Worcester v. Worcester Consolidated Street R. Co., 196 U.S. 539, 25 S.Ct. 327, 49 L.Ed. 591 (1905) and Town of Mt. Pleasant v. Beckwith, 100 U.S. 514, 25 L.Ed. 699 (1880). Therefore there is no implied warranty in the case at bar because the federal law is inapplicable.

State workmen's compensation is the exclusive remedy against the city of Milwaukee pursuant to Wis.Stat. § 102.-03(2) which provides:

"Where such conditions exist the right to the recovery of compensation pursuant to this chapter shall be the exclusive remedy against the employer and the workmen's compensation insurance carrier."

The Wisconsin supreme court has recently affirmed this proposition in Grede Foundries, Inc. v. Price Erecting Co., 38 Wis.2d 502, 157 N.W.2d 559 (1968). The court there held that there can be no implied indemnification exception to the statutory rule. There is an exception for an express indemnity clause by the employer, but no such clause is alleged to exist in the case at bar. Thus, the exclusive remedy against the city of Milwaukee is under the Wisconsin workmen's compensation laws.

Accordingly, it is ordered that the third-party action against the city of Milwaukee be, and hereby is, dismissed.