ROBERTS, Appellant, vs. JEIDY and others (Town Supervisors), Respondents.*

*March 7—April 5, 1950.*

* Motion for rehearing denied, with $25 costs, on June 6, 1950.

*U. G. Bussan* of Lancaster, for the appellant.

For the respondents there was a brief by *Richard W. Orton* of Lancaster for Oscar Jeidy and others, and *Kopp & Mc-Kichan* of Platteville for Francis H. Edge, and oral argument by *Mr. Orton* and *Mr. W. Roy Kopp.*

MARTIN, J. The facts in this case are not in dispute and are as follows: On April 14, 1948, a written application

signed by more than six resident freeholders was made and filed with the town clerk of the town of Little Grant for the laying out of a public highway therein which would run entirely through lands owned by plaintiff-appellant, Norma M. Roberts. Sec. 80.02, Stats.

On April 20, 1948, the respondent supervisors issued a notice specifying the highway proposed to be laid out and fixing May 3, 1948, at 8 p. m., at the Milner schoolhouse located in section 16 in said town as the time and place they would meet upon the application. Notices were posted in three public places in said town and previous to the meeting a copy of the notice was personally served on the sole occupant of the lands through which the proposed highway was to pass. Sec. 80.05, Stats.

Neither appellant nor any other person appeared for or against the application at the meeting on May 3, 1948, and respondent supervisors being satisfied that the notices required in sec. 80.05, Stats., had been duly given, deemed it best for the public good that the application be granted. Sec. 80.06. An order granting the application and describing the highway laid out was filed and recorded in the office of the town clerk on May 3, 1948.

No award of damages to the plaintiff as required by the statute was made by the respondent supervisors until September 1, 1948.

The complaint in this action prayed that the order laying out said road be declared void and that the respondent supervisors and their successors in office be perpetually enjoined from opening said highway.

The respondent supervisors in their answer pleaded the provisions of sec. 80.34 (2), Stats., as a bar to the action and further pleaded that the plaintiff had an adequate remedy at law.

Plaintiff contends that the town board in this case lost jurisdiction upon the expiration of ten days from May 3, 1948, by failing to file their award of damages and the order

made and filed on that date is void by the operation of sec. 80.07, Stats., which provides:

"When the supervisors lay out, alter, widen, or discontinue any highway they shall make and sign an order therefor, incorporating therein a description of the highway and cause survey thereof to be made when necessary. The order shall be filed and recorded in the office of the town clerk, who shall note in the record the time of recording. The order, together with the award of damages shall be so filed within ten days after the date fixed by their notice or adjournment for deciding upon the application. In case the supervisors fail to file the order and award within the ten days aforesaid they shall be deemed to have decided against the application. When an order has been filed for more than thirty years and no award of damages or agreement or release has been filed and when the highway, or a part thereof, has been used by the public and public money has been expended thereon, for at least five years, it shall be presumed that a release was given by the owners of the lands over which the highway was laid out and the public shall be entitled to use the full width of the highway, as laid out, without further compensation."

Sec. 80.07, Stats., provides that "the order, together with the award of damages shall be so filed within ten days after the date fixed" for hearing on the petition. It is undisputed that so far as the award is concerned, the statute was not complied with. To retain jurisdiction there must be exact compliance with the statute. In *State ex rel. Hewitt v. Graves* (1904), 120 Wis. 607, 609, 98 N. W. 516, neither the order laying out the highway nor the award were filed within the ten days. The court said:

"The proceeding is an adversary one, purely a creature of statute, and the statute must be strictly followed. Jurisdiction can only be obtained and retained by compliance with the requirements of the statute. If, after the due giving of a valid notice fixing the time for their first meeting, the supervisors do not make and file their decision and award of damages within the time required by sec. 1269 [now 80.07], they lose all jurisdiction of the proceeding." See also

*Buchanan v. Wolfinger* (1941), 237 Wis. 652, 657, 298 N. W. 176.

Strict compliance requires the filing of the award as well as the decision laying out the highway. In fact, the language of the statute makes them, in effect, one instrument and does so apparently for the reason that it is desirable that a person whose land is taken for highway purposes may know at one and the same time that his land is to be taken and how much it is proposed he shall have for the taking. One might very well oppose the taking of his land but also consider that if he were given adequate compensation therefor he would offer no objection to the proceeding. The process designed by the statute affords him the means of knowing simultaneously that his land is to be taken and what he is to be paid therefor and thereby avoids the necessity on his part to make two separate attacks upon the proceeding.

The order laying out the highway is not "fair on its face" so as to bring it within the terms of sec. 80.34 (2), Stats., which provides:

"The validity of any such order if fair on its face shall not be open to collateral attack, but may be tested by certiorari or other proper action or proceeding brought directly for that purpose at any time within three months after such order is made but not thereafter. This subsection shall not apply to orders made prior to July 22, 1923."

It fails to show compliance with the requirement that the award has been filed with it. To determine that an instrument is or is not "fair on its face" the court is not required to confine its examination to the paper itself; it must be read in the light of existing law. *Denny v. Stevens* (1937), 52 Wyo. 253, 73 Pac. (2d) 308, 75 Pac. (2d) 378, 113 A. L. R. 1337, 1341.

Respondents rely heavily upon *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 658, 238 N. W. 404, 240 N. W. 839, and principally upon the court's expression:

"The town board has power to lay out highways. This power is fully aroused by the filing of the petition provided by statute. Their power to act having once been aroused, their action however irregular and erroneous is not void, even under the principles applicable to the jurisdiction of courts. So when a statute provides that an order laying out a highway shall not be attacked even in a direct proceeding after a period of three months from the filing of an order, it is a legislative sanction of any and all proceedings eventuating in such an order, except when such order is challenged within the time and in the manner permitted by the statute."

The question here involved was not presented to or considered by the court in the *Eggen Case*. The court speaks of an order and its immunity from attack. As we have already pointed out, there was no completely effective order filed within the time required. There is nothing in the decision or the opinion in the *Eggen Case* inconsistent with the holdings in the *Graves* or the *Buchanan Cases, supra*.

The town board's jurisdiction was lost by failure to file the award of damages within the time limited by sec. 80.07, Stats., which failure operated as a denial of the application. Sec. 80.07.

Respondents contend that appellant may not proceed in equity, to restrain defendants from laying out the highway, as he has done here, and base their argument upon the contention that he should have proceeded under the provisions of sec. 80.17, Stats., which provides the procedure for an appeal from a highway order. This is not an appeal from an order. It is the same sort of proceeding as was involved in *Ruhland v. Jones* (1882), 55 Wis. 673, 13 N. W. 689, where it was held that resort may be had to equity and an injunction granted to restrain town officers from opening a highway through plaintiff's land.

*By the Court.*—Judgment reversed.