WILUSZ and wife, Appellants, vs. WITEK and others, Respondents.

*January 9—February 6, 1951.*

For the appellants there was a brief by *Kaftan, Kaftan & Kaftan* of Green Bay, and *Smith & Smith* of De Pere, and oral argument by *Robert J. Kaftan* and *Herb J. Smith*.

For the respondents there was a brief by *Evrard & Evrard* and *Joseph P. Holman,* all of Green Bay, for Witeks, and by *Chadek, Cornelisen, Denissen & Farrell* of Green Bay, for the supervisors of the town of Suamico, and oral argument by *Mr. Holman, Mr. Raymond E. Evrard,* and *Mr. R. J. Farrell.*

MARTIN, J. Defendant-respondent Michael Witek on February 25, 1948, applied to the town board of Suamico, Brown county, for a road under sec. 80.13, Stats. His affidavit was in accordance with the statute and stated that his forty acres in question,—

". . . is shut off from all public highways by being surrounded on all sides by real estate belonging to other persons and that he is unable to purchase from any of said persons the right of way over or through their said property to a public highway."

Proceedings were duly had before the town board which resulted in Witek obtaining the road he desired. An appeal was taken under the provisions of sec. 80.17, Stats. The commissioners appointed by the county judge upheld the town board. Thereafter plaintiff-appellant Wilusz procured a writ of certiorari. His petition for the writ recites:

"That the above-mentioned order of the said board of supervisors, and the decision of the commissioners herein named, are irregular, illegal, and void for the following reasons:

"(a) The said Mike Witek was able to purchase a road or right of way to his property of suitable and reasonable width at a reasonable cost at the time that he made said application to the town supervisors, and at the time that the board of supervisors issued its order laying out said highway.

"(b) The highway is not a way of necessity, but is in truth and fact, a way of convenience, laid out for the convenience of Mike Witek.

"(c) If the highway is so laid out, it will result in excluding certain property owned by petitioner from any access to any public highway."

After return to the writ was made, Wilusz moved for judgment setting aside the order of the town board of Suamico, dated March 19, 1948, and the order of the commissioners affirming said order, dated May 8, 1948, and for judgment reversing the same and holding the same to be null and void. The defendant town clerk and Witek brought on their motion to quash the writ of certiorari for the reason that neither the petition nor the writ states facts constituting a cause of action or entitling the relator to the issuance of the writ.

A hearing was held on the merits and on these motions. The controversy as presented to the court was whether the finding that Witek was unable to purchase a right of way from Wilusz was sustained by the evidence within the rule applicable to such an issue. The court in its opinion stated:

"It appears that the proceedings are with full jurisdiction and regular and that the writ, if continued to further hearing and judgment, will result only in an affirmance. Under such circumstances the writ should be quashed. *State ex rel. Gray v. Common Council,* 104 Wis. 623; *State ex rel. Prosbrig v. Daubner,* 11 Wis. 671."

The record shows that the court reviewed the proceedings upon the merits (confining the review to the issue raised) and did not quash the writ because of any defect in it or in the exercise of discretionary power. When reference is made to the Wisconsin cases cited therein, it is apparent that the court's final action in the certiorari proceedings was in form

a judgment quashing the writ instead of a judgment affirming the proceedings of the board and the commissioners, but that such final action was intended to have the force and effect of a judgment of affirmance in the proceedings.

On·May 9, 1949, Wilusz commenced this action to set aside the order of the town board laying out the road. Defendants moved for summary judgment of dismissal based on the previous proceedings, including the certiorari record, pleadings, and affidavits based principally on the fact that the order of the town board cannot now be collaterally attacked. Plaintiffs filed a countermotion and affidavits for summary judgment in their favor. The appeal is from a judgment in favor of the defendants.

The plaintiffs contend that the proceedings were absolutely void since the town board and the commissioners lacked all jurisdiction of the subject matter since they can only act where a landlocked forty acres is involved and that the matter of jurisdiction of the subject matter may be brought up at any time, and is never waived.

Sec. 80.13 (1), Stats., provides that:

"When any person shall present to the supervisors of any town ·an *affidavit satisfying them* that he is the owner or lessee of real estate (describing the same) within said town, and that the same is shut out from all public highways, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, . . ."

The affidavit filed by Witek complied with the statute in all respects and gave the town board the jurisdiction over the subject matter. It was fair and valid on its face. The power of the town board to act in the premises resulted from the filing of the affidavit.

The town board having acquired jurisdiction proceeded with the necessary steps outlined in the statute. The minutes of the town board show that appellant Wilusz was present at the meeting and after hearing the matter in full, the board

made an order laying out a highway three rods wide. It is to be noted that the statutory requirement is that it be an *affidavit satisfying* the supervisors that the applicant is the owner of the land in question and the same is shut out from all public highways. By making this order, the board made a finding that the forty-acre tract in question was in fact landlocked. *Damp v. Dane* (1872), 29 Wis. 419, is distinguished because in that case the power to lay out a highway could only be exercised upon the petition of "not less than" a designated number "of resident freeholders" of the town. The actual existence of facts was the test of jurisdiction.

Pursuant to statute, appellants, under provisions of sec. 80.17, Stats., appealed, and the commissioners upheld the town board. If Witek in fact always had a right of way leading·to the public highway, as appellants now contend, that fact could have been proved in the proceedings before the board and the commissioners.

Appellants then proceeded under sec. 80.34 (2), Stats., which provides as follows:

"The validity of any such order if fair on its face shall not be open to collateral attack, but may be tested by certiorari or other proper action or proceeding brought directly for that purpose at any time within three months after such order is made but not thereafter. This subsection shall not apply to orders made prior to July 22, 1923."

In proceeding under this statute, Wilusz had the choice of bringing certiorari proceedings or other *proper action or proceeding*. He could have, within the time limits fixed by the above statute, brought an action such as the one now instituted to attack the finding of the town board; but he elected to use the remedy of certiorari, which resulted in the quashing of the writ and, in effect, an affirmance of the proceedings.

The leading case on the question of jurisdictional error is *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 657, 238 N. W. 404, 240 N. W. 839:

" 'That the term "jurisdiction" has a double meaning has been fully elucidated by this court upon prior occasions. *Cline v. Whitaker,* 144 Wis. 439, 129 N. W. 400; *Harrigan v. Gilchrist,* 121 Wis. 127, at p. 223 *et seq., 99 N. W. 909.* In one sense a lack of jurisdiction means a lack of judicial power to act at all in a given situation or with reference to a certain subject matter. To act under such circumstances is usurpation. It is also used to denote want of jurisdiction of the subject matter of the action in a particular instance where prescribed conditions precedent to the exercise of judicial power have not been complied with—where the power to deal with the subject generally exists, but where under the particular circumstances jurisdiction to act in the specific instance has not been acquired. In the latter case action is erroneous but not void.' *Seyfert v. Seyfert,* 201 Wis. 223, 228, 229 N. W. 636. It is only in the former case that their action is subject to collateral attack. In all other cases their action must be reviewed on appeal, and until reversed upon appeal it is binding upon all. Such action is not void but merely irregular. And so here. The town board has power to lay out highways. This power is fully aroused by the filing of the petition provided by statute. Their power to act having once been aroused, their action however irregular and erroneous is not void, even under the principles applicable to the jurisdiction of courts. So when a statute provides that an order laying out a highway shall not be attacked even in a direct proceeding after a period of three months from the filing of an order, it is a legislative sanction of any and all proceedings eventuating in such an order, except when such order is challenged within the time and in the manner permitted by the statute." See also *Roberts v. Jeidy* (1950), 256 Wis. 603, 608, 42 N. W. (2d) 280.

Here the proceedings were all in order and the affidavit on file was fair on its face, giving the town board jurisdiction; and if in fact there was any error, it was error within jurisdiction and therefore not void and was subject only to attack within the period specified in sec. 80.34 (2), Stats.

All the land in question lies in the same section. Appellant owned the northwest quarter (NW¼) of the northeast quarter (NE¼) and a forty-acre tract diagonally from his

farm (southeast quarter (SE¼) of the northeast quarter (NE¼)). Witek owned the northeast quarter (NE¼) of the northeast quarter (NE¼) and on May 4, 1946, purchased the landlocked forty diagonally from his farm known as the southwest quarter (SW¼) of the northeast quarter (NE¼). The road obtained by Witek in the proceedings before the board runs north from that forty to a county-line road running east and west along the north line of the section. Immediately south of the landlocked forty lies a forty owned by one Slusarek, being the northwest quarter (NW¼) of the southeast quarter (SE¼). A town road runs north along the east line of the southwest quarter (SW¼) of the southeast quarter (SE¼) about one third into the Slusarek forty. To get to this road from his landlocked forty, Witek would have to pass over about two thirds of the Slusarek forty. Plaintiffs claim he had such right of passage both as a matter of an actual easement that he owned as a result of reservations in the chain of title to the landlocked forty and the forty immediately south of it and by operation of the rules of law which create a way of necessity.

We have examined the record and agree with the trial courts' decision in which it is stated:

"All the deeds upon which plaintiffs now rely to show that Witek had a right of way to the south had been on record for a long time before Witek filed his petition with the town board except a deed from the Miezin heirs covering the east two rods of the landlocked forty, which was recorded the same day that the petition was filed with the board. How this deed could effect any rights over the Slusarek forty is not perceived. It seems quite obvious that the quitclaim deed was advisedly obtained so that in petitioning the board for a road from the landlocked forty, no question could be raised as to Witek being the sole owner of that forty.

"All the physical facts to which plaintiffs now refer were as apparent to the Wiluszes and their counsel, as well as the town board, when the application for a road was made as they now are.

"Counsel for Wilusz certainly knew that Witek's claim before the town board must necessarily be that his forty in question was landlocked. He could not be expected to testify to the contrary at the hearing. Certainly, no surprise can be claimed because Witek claimed at the hearing that he had no way to reach a town road. It seems to me that plaintiffs are in no position to claim that they were not guilty of negligence in failing to make timely discovery of Witek's record title and that Witek's claim was false, if it was false. (See *Amberg v. Deaton,* 223 Wis. 653, at p. 659.)

"I consider that under the rules of law as stated in *Werner v. Riemer,* 255 Wis. 386, and the authorities referred to in the opinion in that case, plaintiffs clearly are not entitled to equitable relief."

The pleadings and affidavits show conclusively that there was no fraud on the part of respondents; that there is no question of fact involved, and the summary judgment dismissing the complaint was proper.

*By the Court.*—Judgment affirmed.