LARSEN, Appellant, v. TOWN SUPERVISORS OF TOWN OF SPIDER LAKE, Respondents.*

*October 6—November 5, 1958.*

* Motion for rehearing denied, with $25 costs, on January 6, 1959.

242

For the appellant there was a brief by *Douglas, Omernik & Bitney* of Spooner, and oral argument by *E. E. Omernik*.

For the respondents there was a brief and oral argument by *V. P. Davis* and *Quentin Johnson,* both of Hayward.

FAIRCHILD, J. Plaintiff's application was before the town board under sec. 80.13, Stats. That section provides in substance for an application to the town supervisors by an owner of land shut out from all public highways, sometimes referred to as "landlocked land." Upon presentation of a satisfactory affidavit, the board is required to hold a hearing upon

specified notice. The supervisors are to lay out the highway and assess the damages to the owners of the real estate over which the highway is laid and shall assess the advantages to the applicant. The supervisors are then to sign an order describing the laid-out highway. The applicant is to pay the amount assessed as advantages to the town treasurer before the order laying out the highway is filed.

We gain the impression that there have been several misunderstandings and irregularities in the proceeding involved in this action. As we read sec. 80.13, Stats., the only sum which an applicant is required to pay is the amount assessed as advantages and that amount is to be paid to the town treasurer. The damages are to be paid by the town to the landowner whose land is taken when the highway is opened. Sec. 80.30 (1). The highway is a public highway. In this instance the town board seems to have understood that the applicant should pay the damages directly to the owner, should build the road at her own expense, and should pay an additional sum, which they perhaps fixed at $250, with the thought in mind that the applicant was paying the damages and building the road in addition. The applicant evidently understood that she was required to pay the damages to the owners and she did so, after obtaining a reduction from the original award of $500 to $200 by appeal. The applicant also understood that she was required to pay the $250 assessed as advantages but believed according to her affidavit that she would then have paid for opening the road. Actually the board should have fixed a sum to be paid by the applicant which would fairly measure the advantages effected to her property by the building of the road. The applicant would have had to pay such amount before the order could be filed, but that would be all that she would need to pay.

The circuit court, considering the issue of the alleged promise of the plaintiff to construct the road in addition to

making the other two payments, concluded that this case is ruled by *State ex rel. Dosch v. Ryan* (1906), 127 Wis. 599, 106 N. W. 1093. That was an action of mandamus to compel town supervisors to alter a highway ordered by commissioners. That proceeding had been commenced by the application of freeholders under a statute now found as sec. 80.02, Stats. The town board had denied the application; an appeal was taken and at the hearing before the commissioners, Dosch agreed to grade the new piece of road and build a bridge at his own expense. This court decided that since highways are only to be laid out when the public good will be promoted (p. 601), "Not only are such bargains void as against public policy, but official action based thereon ceases to be based solely upon the public welfare, and becomes tainted with some degree of private interest."

Even if the principle of the *Dosch Case* be as applicable to an application by an owner of landlocked land under sec. 80.13, Stats., as to an application by six or more resident freeholders under sec. 80.02, we conclude that a defense based thereon cannot be considered when pleaded more than three months after an order (fair on its face) is made and filed. The order here is fair on its face and while the amount of $250, or $450, the total amount the applicant actually paid, may not have been in fact a full assessment of advantages to the applicant, the defendants now claiming that the assessment should have been $1,000 in addition to the damages, the face of the proceedings does not show any invalidity or infirmity in the award of damages or the assessment of advantages.

Sec. 80.34 (2), Stats., which was created by ch. 446, Laws of 1923, and was not in existence at the time of the *Dosch Case,* provides: "The validity of any such order if fair on its face shall not be open to collateral attack, but may be tested by certiorari or other proper action or proceeding brought directly for that purpose at any time within three months

after such order is made but not thereafter. This subsection shall not apply to orders made prior to July 22, 1923."

This statute was considered in *State ex rel. Thompson v. Eggen* (1932), 206 Wis. 651, 238 N. W. 404, 240 N. W. 839. Freeholders had filed three successive petitions for the laying out of a highway, the third one was formally denied by the town board, and on appeal, commissioners ordered the highway laid out. A mandamus action was brought to compel the board to open the highway. Defense was made that under another statute the town board was prohibited from considering the third petition because it was filed within a year after the refusals of the previous petitions. The court held that under sec. 80.34, Stats. (p. 657), "granting that the town board might have successfully challenged such order if it had acted timely, the lapse of three months from the time of the filing of the order cured any defect or irregularity in the proceedings leading up to its promulgation." The court also held that it is unnecessary for the relator to demur to the return in order to rely upon the provision of sec. 80.34.

On rehearing in the *Thompson Case,* it was suggested that ordinarily mandamus might not be available to compel a town board to open a highway which it had laid out because of the administrative remedy provided by sec. 81.14, Stats. That section provides for an appeal by 15 freeholders to the county board. This remedy can scarcely have been intended as the exclusive remedy for an applicant owning landlocked land who has proceeded under sec. 80.13 and has paid to the town treasurer the amount properly assessed against her.

In *Wilusz v. Witek* (1951), 258 Wis. 397, 46 N. W. (2d) 337, an application under sec. 80.13, Stats., was involved. More than three months after the board made its order laying out the road, an owner of adjoining real estate sought to enjoin the board from opening the road on the ground that some of the essential facts set forth in the affidavit of the owner of the landlocked land were not correct. This court

noted that there was no fraud on the part of either the applicant or the town supervisors and that if in fact there was any error, it was error within jurisdiction, and the order was not void, and subject only to attack within the period specified in sec. 80.34 (2).

In *Roberts v. Jeidy* (1950), 256 Wis. 603, 42 N. W. (2d) 280, it was held that the absence of proper filing of an award of damages prevented the order laying out the highway from being "fair on its face" and an action directly attacking the validity of the order was permitted even though commenced more than three months after the order was made.

From the testimony before the trial court it appears that there is a dispute as to what was said and what was meant by the parties present at the town board meetings attended by plaintiff and defendants. The irregularities here claimed and the dispute about them seem to us to be of the type that the legislature intended must be raised in a proper proceeding within three months or not at all.

*By the Court.*—Judgment reversed, cause remanded with directions to issue a peremptory writ of mandamus requiring defendants to open the highway in accordance with their order dated July 11, 1956, and to award costs to plaintiff.

MARTIN, C. J., and BROWN, J., took no part.