John C. STELPFLUG and Diane L. Stelpflug, Petition-
ers-Respondents,

v.

TOWN BOARD, TOWN OF WAUKESHA, County of
Waukesha, Wisconsin, Respondent-Appellant-Cross-
Respondent,

John SCHIESS and Tanis Schiess, and Mark Schwartz
and Melody Schwartz, Respondents-Intervenors-
Respondents-Cross-Appellants-Petitioners.

Supreme Court

*No. 97–3078. Oral argument February 8, 2000.—Decided July
6, 2000.*

(Review of a decision of the court of appeals.)

## 2000 WI 81

(Also reported in 612 N.W.2d 700.)

For the respondents-intervenors-respondents-cross appellants-petitioners there were briefs by *Donald J. Murn, Michelle E. Martin* and *Murn Law Offices*, Waukesha, and oral argument by *Donald J. Murn*.

For the respondent-appellant-cross respondent there was a brief by *James W. Hammes* and *Cramer, Multhauf & Hammes, LLP*, Waukesha, and oral argument by *James W. Hammes*.

¶ 1. WILLIAM A. BABLITCH, J. John and Tanis Schiess and Mark and Melody Schwartz (the Petitioners) seek review of an order by the court of appeals that summarily reversed the judgment of the Waukesha County Circuit Court, the Honorable Marianne E. Becker presiding. In ruling on cross-motions for summary judgment, Judge Becker held that a portion of the Petitioners' properties had been temporarily condemned for a highway by the Town of Waukesha (Town). As a result of this temporary taking, the circuit

277

court concluded that art. I, § 13 of the Wisconsin Constitution, and this court's takings jurisprudence, required that just compensation be paid to the Petitioners. The circuit court judge determined that Petitioners were to split $4685.86 as compensation for the taking. An award for Petitioners' attorney fees was also ordered. In reversing the circuit court's decision, the court of appeals concluded that no temporary taking had occurred.

¶ 2. We hold that the Petitioners' property was temporarily taken for use as a public highway pursuant to the procedures set forth in Wis. Stat. §§ 80.17 through 80.21 (1991-92).[1] As a result, just compensation is owed the Petitioners under art. I, § 13 of the Wisconsin Constitution. We further conclude that there is a material issue of fact on the question of proper damages for the taking and remand this case for a trial on damages. Finally, we conclude that attorney fees cannot be awarded as damages for a claim brought directly under art. I, § 13.

Facts and Procedural History

¶ 3. This case has a lengthy background. The relevant facts are as follows.

¶ 4. The Petitioners owned adjoining parcels of land in a Town of Waukesha subdivision, Lots 125 and 126. A third subdivision resident, John and Diane Stelpflug (Stelpflugs) owned Lot 120. The Stelpflugs believed Lot 120 to be landlocked. Pursuant to Wis. Stat. § 80.13,[2] the Stelpflugs applied to the Town of Waukesha Board to lay out a highway to the property.

---

[1] All subsequent statutory references are to the 1991-92 volume of the Wisconsin statutes, unless noted otherwise.

[2] Wisconsin Stat. § 80.13 states:

¶ 5. The Town of Waukesha Planning Commission voted to take no action on the Stelpflugs' application. Subsequently, the Stelpflugs brought an action in the Waukesha County Circuit Court seeking the appointment of commissioners pursuant to Wis. Stat. § 80.17. Section 80.17 provides that "[a]ny person aggrieved by any order of the town supervisors laying out. . .any highway, or refusing so to do may. . .appeal from the order or determination to the circuit judge for the appointment of commissioners to review the order or determination."[3] The statutory provisions related to review of a Town's decision on the laying out of a high-

**Land excluded from highway.** (1) When any person shall present to the supervisors of any town an affidavit satisfying them that the person is the owner or lessee of real estate (describing the same) within said town, and that the same is shut out from all public highways, other than a waterway, by being surrounded on all sides by real estate belonging to other persons, or by such real estate and by water, or that the person is the owner or lessee of real estate (describing same) and of a private way or road leading from said real estate to a public highway but that such road or way is too narrow, giving its width, to afford that person reasonable access to and from said real estate to said public highway, that that person is unable to purchase from any of said persons the right of way over or through the same to a public highway, or that that person is unable to purchase from the owner or owners of land on either or both sides of that person's way or road land to make such way or road of sufficient width, or that it cannot be purchased except at an exorbitant price, stating the lowest price for which the same can be purchased, the said supervisors shall appoint a time and place for hearing said matter, which hearing shall be after ten days and within thirty days of the receipt of said affidavit.

[3] 1995 Wis. Act 186 deleted the language in Wis. Stat. § 80.17 that allowed the circuit court to appoint commissioners. As amended, § 80.17 provides that an individual who is aggrieved by a town's highway order may seek judicial review of the determination under Wis. Stat. § 68.13. In addition, Act 186 deleted those sections of Wis. Stat. ch. 80 related to the laying out of highways by appeal to a board of commissioners.

way are set forth in full below, Wis. Stat. §§ 80.18,[4] 80.19,[5] 80.20[6] and 80.21.[7]

[4] Wisconsin Stat. § 80.18 states:

**Bonds; service of notice** Upon filing such appeal and a bond executed to the town or towns, or town, city or village, as the case may require, with sufficient sureties to be approved by the judge conditioned to pay all costs arising from such appeal, provided such order or determination appealed from shall not be reversed, such judge shall issue a notice specifying therein a time and place for the appointment of commissioners which shall be served on two or more of the supervisors of each town and on two or more commissioners of the city or village, in a proper case, at least six days before such time.

[5] Wisconsin Stat. § 80.19 states:

**Commissioners, how selected.** (1) At the time and place named and upon proof of service of such notice the judge shall make a list of 18 disinterested resident freeholders of the county, and each party may strike 6 names from the list, and from the names not struck off the judge shall by lot select 3 as such commissioners; and shall thereupon annex to the appeal a warrant under the judge's hand, directed to the persons so selected, requiring them to appear personally at a time and place fixed therein, not more than 10 days from the date thereof, and directing them to view and examine the highway described, and review the order or determination appealed from, and make return of their decision thereon to the town, city or village clerk within 20 days after the date thereof.

(2) Such warrant shall be served at least 3 days before the time fixed therein for their meeting by reading the same to each of said commissioners and delivering it to one of them. If for any reason any of said commissioners shall fail or decline to act, the judge shall, on receiving notice of such failure or declination, by lot and without notice to either party, select from the names not struck off or drawn from said list commissioners to fill the vacancies in the commission.

(3) In case said list is exhausted before 3 commissioners who can and will act are obtained, the judge shall, without notice to either party, summon a sufficient number of persons having the qualifications above required to complete the commission.

(4) Whenever a new commissioner is so drawn or summoned the time for the commissioners to appear, view and examine the highway may be enlarged by the appointing officer, not exceeding

¶ 6. Pursuant to the Stelpflugs' appeal, the circuit court appointed commissioners. The

10 days, and the time for making return of their decision, not more than 20 days from the date of the filing such vacancy. Any commissioner may be excused from acting by the judge for good cause; and, if any commissioner, after being duly served with the warrant and not so excused, shall, without good cause, refuse to act, that commissioner shall forfeit $10, and shall also be liable to the party having the costs of the appeal to pay the additional costs made in consequence of such refusal.

[6] Wisconsin Stat. § 80.20 states:

**Commissioners; fees; papers where filed.** Before proceeding to act under said warrant said commissioners shall be duly sworn justly and impartially to discharge their duties as such commissioners; they shall meet at the time and place mentioned in such warrant and proceed to examine such highway; they shall hear the parties interested therein and any proofs offered by them; the entire record of the proceedings before the commissioners inclusive of all appearances, petitions, notices, testimony which may be taken only under oath, exhibits, findings, decisions, and other orders relating thereto, shall be so prepared and certified. The review of such order of determination by the commissioners shall where such record contains a transcript be confined to the basis of such record. Their decision shall be reduced to writing, signed by them, annexed to the warrant, and together with the same, be filed with the town, city or village clerk, as the case requires, within the time directed in such warrant. Each commissioner shall receive $5 per day and 5 cents per mile for the commissioner's actual travel, to be paid by the party appealing; and if the order or determination appealed from is reversed the party appealing shall be reimbursed such expenses by the town, city or village, or if it is a town line road the same shall be reimbursed equally by such towns or by the town and city or village. The judge shall cause to be filed with the town clerk all the other papers and proceedings relating to such appeal, duly certified by the judge. If such highway is on a line between 2 towns or between a town and a city or village they shall make a duplicate of their decision with a copy of the warrant and appeal annexed, which shall be filed with the town clerk of the other town or of the city or village as the case may be.

[7] Wisconsin Stat. § 80.21 states:

281

commissioners met and issued findings. First, the commissioners determined that the Stelpflug property was indeed landlocked. Second, the commissioners ordered that the Town of Waukesha should construct a public highway, two rods in width, over a portion of Lot 125, Lot 126, and a third lot not at issue here.[8] Third, the commissioners established that the land identified for the highway was valued at $2197.36 for Lot 125 and $2311.24 for Lot 126. The Stelpflugs were assessed this amount as well as for other related expenses.

¶ 7. The commissioners' decision was accepted by the circuit court on December 10, 1992. The circuit court directed the clerk to enter judgment in accordance with the decision.

¶ 8. Throughout 1993 numerous motions were offered and procedural maneuvers occurred relating to the commissioners' order. In December, and upon receipt from the Stelpflugs of the compensation assessed by the commissioners, legal counsel for the Town of Waukesha wrote to the Petitioners. This letter informed the Petitioners of the events that had previously occurred and notified them that a portion of their land had been condemned for a highway. This was the

---

**Proceedings on reversal.** When an appeal has been taken from an order or determination refusing to lay out, widen, alter or discontinue a highway, and such determination shall be reversed, the commissioners shall make and file the order and agreements and awards, which in the judgment of the commissioners should have been made by the highway authorities whose order or determination has been appealed from.

[8] At a motion hearing before the Waukesha County Circuit Court on December 30, 1997, counsel for the Town of Waukesha Town Board indicated that at some point in the history of the development of this subdivision, a 15-foot easement between Lot 125 and 126 had been recorded. Counsel for the Stelpflugs stated that this easement was currently being used by Lot 121.

first notice the Petitioners received regarding the laying out of a public highway over their land.

¶ 9. In January 1994 the Petitioners requested the circuit court to reopen the proceedings. The circuit court reinstated the commissioners for the sole purpose of allowing the Petitioners to appear, and provide evidence as to the present market value of the land that was to be taken for the highway.

¶ 10. The commissioners reconvened, heard evidence from the Petitioners, and reaffirmed its order of October 1992, including the amount ordered as compensation for the condemned land. The Petitioners appealed this decision to the Waukesha County Circuit Court, requesting that a jury be impaneled to assess the amount of the award for damages.

¶ 11. Prior to the commencement of trial, the Stelpflugs found an alternative means to gain access to their lot. As a result, the Stelpflugs agreed to withdraw their petition to lay out the road over the Petitioners' property. The Petitioners reserved the right to file a notice of claim.

¶ 12. Subsequently, the Petitioners brought an action against the Town for damages as a result of a temporary taking. On cross-motions for summary judgment, Judge Becker held that pursuant to art. I, § 13, a constitutional taking of the Petitioners' land had occurred. She concluded that the taking had deprived the Petitioners of all or substantially all of the beneficial uses of that portion of their property. Judge Becker therefore concluded that the Town was liable for damages during the temporary condemnation of these properties.

¶ 13. The circuit court judge further ruled that although the commissioners' initial order to lay out the highway was dated October 29, 1992, the property was

not legally taken until July 29, 1994. The judge reasoned that the initial order was not enforceable between October 1992 and July 1994 because it had been entered in violation of the Petitioners' constitutional right to due process. Judge Becker concluded that the taking began when the commissioners affirmed their order in July 1994 and ended on February 28, 1995, when the parties stipulated that the Stelpflugs would withdraw their petition for a highway.

¶ 14. Judge Becker further ordered that the Petitioners were entitled to attorney fees from December 28, 1993, until February 28, 1995.

¶ 15. The Town appealed, and the Petitioners cross-appealed. The court of appeals summarily reversed. This court subsequently granted review.

¶ 16. Additional facts will be set forth as necessary.

## Standard of Review

¶ 17. This case was decided on summary judgment. We review a motion for summary judgment using the same methodology as employed by the circuit court. *Kierstyn v. Racine Unified Sch. Dist.*, 228 Wis. 2d 81, 88, 596 N.W.2d 417 (1999). Summary judgment is granted where "there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Wis. Stat. § 802.08(2) (1997-98). In this case, we are asked to determine if the actions taken under Wis. Stat. ch. 80, and then subsequently withdrawn, constitute a temporary taking of the Petitioners' property that requires compensation under art. I, § 13 of the Wisconsin Constitution. This is a question of law that we review independently. *Zealy v.*

*City of Waukesha*, 201 Wis. 2d 365, 372, 548 N.W.2d 528 (1996). We are aided in our analysis by the reasoning set forth by the circuit court and court of appeals.

## Analysis

¶ 18. Article I, § 13 of the Wisconsin Constitution states, "The property of no person shall be taken for public use without just compensation therefor." The issue before the court is whether the Petitioners' property was taken for a public purpose without just compensation. In its review of this case, the court of appeals concluded that a temporary taking had not occurred. This conclusion was based in part upon *Reel Enterprises v. City of La Crosse*, 146 Wis. 2d 662, 431 N.W.2d 743 (Ct. App. 1988). The *Reel* decision stated:

> In the absence of its physical occupancy or possession, private property can be taken for public use only by state, county or municipal action which imposes a legally enforceable restriction on the use of the property. If a legally enforceable restriction is imposed on that use, then a taking occurs only if the restriction deprives the owner of all, or practically all, of the use.

*Id.* at 674. *Reel* was subsequently overruled in part by our decision in *Eberle v. Dane County Board of Adjustment*, 227 Wis. 2d 609, 621, 630, 595 N.W.2d 730 (1999). *Eberle* reiterated that "[t]akings which do not involve physical invasions of land are called regulatory takings" and that "a regulation or government action must deny the landowner all or substantially all practical uses of a property in order to be considered a taking for which compensation is required." *Eberle* 227 Wis. 2d at 622 (internal quotation marks and citations omitted). Applying the "all or substantially all practical

uses" test, the court of appeals concluded that the Petitioners' properties were not temporarily taken, in part because there was no evidence that their incidents of ownership were affected by the orders of the commission. We disagree, and conclude that a temporary taking did occur for which just compensation is owed under art. I, § 13.

¶ 19. Government, through its eminent domain authority, may condemn certain property and assign it to public use, subject to reasonable compensation to the owner of the land. 1 Nichols, *Eminent Domain*, § 1.11, p. 1-10 (3d ed. 1999) ("Authority is, therefore, universal in support of the amplified definition of eminent domain as the power of the sovereign to take property for public use without the owner's consent upon making just compensation.") (footnote omitted). In *Zinn v. State*, 112 Wis. 2d 417, 426-27, 334 N.W.2d 67 (1983), we held that a taking occurred where a state agency, exercising its statutory authority, converted private property into public land by operation of law. This court stated that "[i]t is difficult to conceive of a greater restriction on the property, in the absence of actual physical occupancy, than the loss of title to private land." *Zinn*, 112 Wis. 2d at 427. In this case, the Petitioners lost ownership interest in the affected land due to the condemnation of their property for a public highway. As a result, a taking of the Petitioners' property occurred.

¶ 20. The events in this case were more than the preliminary plotting or planning, but a condemnation that was actually accomplished. Thus, we are not presented with " 'condemnation blight,' " the " 'debilitating effect upon value of a threatened, imminent or potential condemnation.' " *Howell Plaza, Inc. v. State Highway Comm.*, 92 Wis. 2d 74, 82, 284 N.W.2d

887 (1979) (quoting 4 Nichols, *Eminent Domain*, § 12.3151[5], p. 475 (3d ed.). This is further illustrated by the fact that Judge Becker, in her decision on summary judgment, ordered that the litigants be equally responsible for costs to clear the Petitioners' titles and assure that no lingering title defect existed.

¶ 21. It is undisputed that this taking was temporary. The Stelpflugs ultimately withdrew their petition for a road, and the decision of the board of commissioners was vacated by the circuit court. The Petitioners did not cash the checks issued to them as compensation for the condemnation of their property. We stated in *Eberle* that "once action by the government results in sufficient deprivation in use of the property, 'there has been taking even though the property owner has regained full use of the property due to the government's recession of the restriction.' " *Eberle*, 227 Wis. 2d at 633 (quoting *Zinn*, 112 Wis. 2d at 419). We hold that the temporary condemnation for a public road in this case was sufficient a deprivation of the incidents of ownership to constitute a taking.

¶ 22. Having concluded that an actual taking of the Petitioners' property for a public purpose occurred, we next consider the issue of just compensation. Our holding in *Zinn* is again analogous here. In *Zinn*, the Department of Natural Resources (DNR) issued a declaratory ruling under Wis. Stat. § 227.06 (1975) that resulted in the state taking title to Zinn's property. *Zinn*, 112 Wis. 2d at 426-27. When the DNR ruling was later rescinded, title to the land was transferred back to Zinn. *Id.* at 427. This court concluded that a taking had occurred within the meaning of art. I, § 13 for which just compensation was owed. *Zinn*, 112 Wis. 2d at 429. Similarly in this case, title to the Peti-

tioners' land was transferred to the Town and then subsequently returned to the Petitioners. We find that this is a compensable temporary taking.

¶ 23. The Town points out that in *Zinn* this court stated that "the legislature can provide specific procedures governing the recovery of such compensation as long as the procedure provides 'just compensation.' " *Id.* at 437-38. In this case, the Town contends that the procedure set forth in Wis. Stat. § 80.30(1) governs, and, pursuant to that statute, damages are not awarded until a highway is opened by lawful order. Section 80.30(1) provides that "[a]ll damages awarded against a town, city or village upon laying out, widening or altering any highway shall not be paid until the highway is open by lawful order. No liability for damages shall exist for any highway discontinued before being opened." Based upon this statute the Town asserts that no damages are owed to the Petitioners because the highway never opened. We are not persuaded by the Town's argument.

¶ 24. The damages discussed in Wis. Stat. § 80.30(1) refer to the amount owed to the property owner pursuant to the order laying out a highway. In construing Wis. Stat. §§ 80.13 and 80.30(1) (1957)[9] in *Larsen v. Town of Supervisors*, 5 Wis. 2d 240, 243, 92 N.W.2d 859 (1958), we stated that under § 80.13:

> [T]he only sum which an applicant is required to pay is the amount assessed as advantages and that amount is to be paid to the town treasurer. The damages are to be paid by the town to the landowner whose land is taken when the highway is opened. Sec. 80.30(1).

---

[9] The text of Wis. Stat. § 80.30(1) (1957) is identical to the text of Wis. Stat. § 80.30(1) (1991-92).

¶ 25. Thus, under the facts of this case, the damages discussed in Wis. Stat. § 80.30(1) relate to the sum the commissioners ordered to be paid by the Stelpflugs for the advantages they gained from the new highway. We are not considering an award of damages for condemnation here; instead, we are addressing compensation for a temporary taking under the Wisconsin Constitution. No statutory remedy is necessary to enforce the provisions of art. I, § 13. *Zinn,* 112 Wis. 2d at 438. The circuit court judge, when reviewing the affect of Wis. Stat. § 80.30(1) in her ruling on summary judgment, concluded that § 80.30(1) was unconstitutional as applied to the facts of this case. We conclude, however, that § 80.30(1) is inapplicable to the temporary taking arising under these circumstances.

¶ 26. We further conclude that there exists a genuine issue of material fact as to the amount of damages to which the Petitioners are entitled as just compensation for the taking. It is unclear from the record what, if any, damages the Petitioners will be able to prove that they have incurred. The motion before the circuit court requested a jury trial on the issue of damages. Judge Becker awarded the Petitioners $4685.86 as just compensation. In her order, she wrote that because this was the sum ordered by the commissioners as adequate to provide just compensation for the permanent acquisition of Petitioners' land for a public highway, it was adequate as compensation for the temporary taking as well. Judge Becker noted in her decision that the method used by the commissioners to determine this amount was unclear. We hold that appropriate resolution of the question of damages should be resolved at a jury trial on remand.

289

¶ 27. In addition, we disagree with the circuit court's conclusion as to the time period in which the temporary taking occurred. The circuit court held that the temporary taking began in July 1994, after the Petitioners received notice regarding the condemnation and were given an opportunity to be heard by the board of commissioners. We conclude that a compensable temporary taking began at the time the initial condemnation order was issued in 1992. Although the Petitioners were successful in obtaining reconsideration on the issue of fair market value, the condemnation order itself was not reconsidered subsequent to the initial order by the commissioners. As a result, we conclude the taking began on the date the order of the commissioners was filed with the clerk. *See* Wis. Stat. § 80.20 (providing that the decision of the commissioners is to be reduced to writing and filed with the town clerk).

¶ 28. Finally, we consider whether the Petitioners may recover attorney fees pursuant to art. I, § 13 of the Wisconsin Constitution. Petitioners point out that under Wis. Stat. § 32.28 (1997-98), a condemnee in an eminent domain action may be allowed to recover reasonable attorney fees.[10] The Petitioners contend that extending the law to allow recovery of attorney fees when an action for a temporary taking is brought

---

[10] Wisconsin Stat. § 32.28 (1997-98) states:

Costs. (1) In this section, "litigation expenses" means the sum of costs, disbursements and expenses, including reasonable attorney, appraisal and engineering fees necessary to prepare for or participate in actual or anticipated proceedings before the condemnation commissioners, board of assessment or any court under this chapter.

directly under art. I, § 13 is warranted in order to further several public policy goals.

¶ 29. First, Petitioners assert that allowing for attorney fees would result in just compensation being provided to the litigant by ensuring that no part of the compensation award would have to be used for litigation expenses. As a result, the litigant in a takings claim would be made whole. Second, the Petitioners assert that an award of attorney fees will act as a deterrent to a governmental entity from failing to voluntarily compensate landowners for the temporary taking of their property. Petitioners also contend that unless an award of attorney fees is permitted for an action brought under the Wisconsin Constitution, the government has no incentive to comply with procedural statutes in which attorney fees may be awarded. Although we might well agree with these arguments, the legislature did not see fit to authorize attorney fees for this type of taking under Wis. Stat. ch. 80.

¶ 30. Wisconsin follows the American Rule on the award of attorney fees. *Gorton v. Hostak, Henzl & Bichler, S.C.*, 217 Wis. 2d 493, 510, 577 N.W.2d 617 (1998). Under this rule, " 'the prevailing litigant is generally not entitled to collect attorney fees from the opposing party as damages or costs.' " *Id.* at 511 (quoting *Winkelman v. Beloit Memorial Hosp.*, 168 Wis. 2d 12, 28, 483 N.W.2d 211 (1992)). As a result, attorney fees are normally allowed only when authorized by statute, contract or pursuant to certain limited circumstances such as where application of the common fund doctrine is warranted. *Retired Teachers Ass'n v. Employe Trust Funds Bd.*, 207 Wis. 2d 1, 36-39, 558 N.W.2d 83 (1997).

¶ 31. In this case there is no statute or contract warranting an award of attorney fees. The Petitioners offer no recognized equitable exception that would apply in this case. We conclude that creating an exception from the American Rule is unwarranted. Therefore, although we conclude that a compensable taking has occurred, an award of attorney fees is not available.

*By the Court.*—The decision of the court of appeals is reversed, and the cause remanded to the circuit court for further proceedings.